Matter of Proving the Last Will and Testament of NELLIE SABIN HYDE FARMER, also Known as NELLIE HYDE FARMER, Deceased.

(Surrogate's Court, New York County, March, 1917.)

Wills — construction of — jurisdiction — bequests — gifts — Code Civ. Pro. § 2615.

A written demand by any party to a probate proceeding for a construction of a will, even where the petition does not request it, is a sufficient compliance with section 2615 of the Code of

Surrogate's Court, New York County, March, 1917.    [Vol. 99.

Civil Procedure, and the surrogate may proceed to construe the will.

The jurisdiction of the surrogate to construe a will cannot be enlarged so as to enable him to determine the title of testatrix to certain personal property unless such an adjudication necessarily follows from a proper act of construction of the will.

A bequest of personal property subject to the condition that after the decease of the legatee it shall be given to another is an absolute gift to the first legatee.

A bequest of income of corporate stock with no mention of the remainder interest constitutes an absolute bequest of the stock.

A bequest to one and in case of her death to another refers to the first legatee predeceasing testatrix and constitutes an alternative. gift in such event to the second legatee.

A bequest of one-third of the residuary estate to " the woman who shall take care of me in my last illness" is void for uncertainty.

PROCEEDING upon the probate of a will.

Salter & Steinkamp, for proponent and executor.

Robert M. Moore, for contestant M. Dana Parker Tobin.

John J. Hynes, special guardian for infant.

Herman Elfers, special guardian for Nelson Cameron Hyde, Frederick Hyde and Dorothy Hyde.

FOWLER, S.   On the probate of the will objections were filed and later withdrawn.   The will was proved and a direction for probate consequently was given.

The validity and construction of certain clauses having been requested by some of the parties, the only questions now remaining are those relating to the true construction, interpretation and effect of the will.   At

Misc.]   Surrogate's Court, New York County, March, 1917.

the outset a technical objection is urged by the contestant, Mandana Parker Tobin, a sister of testatrix, that no construction can be obtained in this proceeding, because neither the petition for probate nor the citation prayed that relief.   The answer filed by Ira Clark Hyde does request construction of the clauses numbered 5th, 6th, 7th, 8th and 16th of the will, and the special guardians for the infants, M. Carrie Parker, Dorothy Hyde, Nelson Cameron Hyde and Frederick Hyde make similar requests.   This is sufficient. Section 2615 of the Code of Civil Procedure confers on the surrogate jurisdiction to construe a will in a probate proceeding when any of the parties expressly puts in issue such construction.   It would seem that the surrogate's jurisdiction has been sufficiently invoked and a case made for construction by reason of the premises.   As all the parties have had an opportunity of presenting their contentions, the surrogate should, I think, proceed to construe the will.

The disputed clauses of the will are as follows:

" *Fifth*.— I give to M. Carrie Parker, daughter of John Parker, the *income* from 29 shares of the stock of the Hoyt Realty Company.   In case of her death said income I bequeath to my nephew, T. J. Parker. (Said income will be paid quarterly by the Hoyt Realty Co. for a period of ninety-nine (99) years.)   I give M. Carrie Parker my amethyst and diamond ring. Also the large cluster horse shoe shaped diamond pin and pendant, given to me by Mrs. M. E. Sabin, who personally asked me to give this pin to some blood relative of hers, on condition that at her death it shall again be given to some blood relative of Mrs. Sabin's on same condition of being guarded and passed on. Each recipient must thus promise before receiving her bequest.

" *Sixth*.— I give and bequeath to my sister, Mrs.

Surrogate's Court, New York County, March, 1917.   [Vol. 99.

Dana Tobin, my solitaire diamond bracelet. If she shall decease before me, then and in that case I give and bequeath the same to my niece, M. Carrie Tremblay, of Philadelphia, Penn. But said bracelet in either case is given subject to condition that it shall be passed on to a direct descendant of Mrs. Mary E. Sabin; one who shall be deemed best fitted to appreciate the same, and promise to carry out the wishes of Mrs. Sabin in that respect.

" *Seventh.*— I give and bequeath to my niece, M. Carry Tremblay, my 6-stone diamond bracelet (formerly owned by Mrs. Sabin), but the said bracelet is given subject to the condition that at her decease it shall be given to a direct descendant of Mrs. Sabin; one who will appreciate the bracelet and carry out the wishes of the said Mrs. Sabin in that respect.

" *Eighth.*— I give and bequeath my cluster ring, formerly owned by Mrs. Sabin, to my niece, Mrs. Alice Hyde Sharp, but said ring is given subject to the condition that it shall be passed on at her decease to a direct descendant of Mrs. M. E. Sabin, subject to same condition of all other articles formerly owned by Mrs. Sabin."

" *Sixteenth.*— I hereby give and bequeath all the rest, residue and remainder of my estate, real and personal, not herein disposed of (excluding the 29 remaining shares of Hoyt Realty Co.), to be divided equally by the following: M. Carrie Parker, T. John Parker and the woman who shall take care of me in my last illness. To the last named woman, nurse, caretaker and friend I give and bequeath the income for her life of the remaining 29 shares of Hoyt Realty stock; at her death said stock shall be assigned to N. Cameron Hyde for his use forever. In case of his decease said stock shall be given to Fred Hyde. If deceased, to Nellie C. Hyde, if living. If not, to

Dorothy Hyde. Any one disputing or bringing my will into dispute or controversy shall have no part or share in my belongings.''

It appears that testatrix left no husband or children and that her next of kin and heirs at law are collaterals.

The bequests of jewelry in the 5th, 6th, 7th and 8th paragraphs of the will are assailed by the special guardian for the infants, Nelson Cameron Hyde, Frederick Hyde and Dorothy Hyde, in the answer filed herein. It is averred that unlawful perpetuities are created and that the named beneficiaries take only a life estate, and that the remaindermen are not sufficiently identified. The sister of testatrix, Mrs. Tobin, contends that the ownership of testatrix in the property mentioned in the above paragraphs was limited to a life estate for her own life, and therefore her will cannot make any valid disposition of that property. The statement of Mrs. Tobin's contention is its own answer. The surrogate is not asked, in this proceeding, to determine the extent of the ownership of the deceased, nor is that question germane to a construction of the will. The jurisdiction given to the court to construe a will cannot be enlarged so as to enable it to determine the title of the testatrix, unless such an adjudication necessarily follows from a proper act of construction of her will.

The learned special guardian, in his brief filed, withdraws his contention, because he is now of the opinion that the bequests of jewelry contained in the 5th, 6th, 7th and 8th paragraphs of the will are not merely life estates, but are absolute bequests. I think that he is justified in taking this position. There is no language in the quoted clauses of the will sufficient to cut down the absolute bequests, and under the well-settled rule the court must construe the bequests as absolute. *Mat-*

*ter of Catlin,* 97 Misc. Rep. 223. Doubtless a restraint upon the alienation of personalty is as illegal as one imposed upon a devise of real property, under the Revised Statutes and the Personal Property Law, section 11. Limitations of future estates in personalty are now subject to the same rules as prescribed in relation to real property. *Matter of Wilcox,* 194 N. Y. 288; *Matter of Griffin,* 75 Misc. Rep. 442; *Matter of Hansen,* 72 id. 617; *Van Horne* v. *Campbell,* 100 N. Y. 305. An undue restraint upon · alienation of real property devised in fee is illegal, and therefore a similar restraint imposed upon a bequest of personalty falls in the same category.

Restraints at one time permitted in alienations of realty have never been sanctioned for personalty. As was stated in *De Peyster* v. *Michael,* 6 N. Y. 427, and in *Continental Ins. Co.* v. *New York & H. R. R. Co.,* 187 id. 225, 237, a restraint upon alienation can be imposed only where there is a reversion. As personalty is not a tenement, and there never was any feudal tenure of personal property, no reversion was left after the transfer of the absolute ownership of personal property. The rules relating to feudal tenure of real property, prior to the statute *Quia Emptores,* had no relation to titles or ownership of personal property. It follows that it is unnecessary to determine whether the restrictions sought to be imposed in the will are precatory, or mere hortatory expressions of desire, or whether or not the language is sufficient to create conditions. Likewise we need not distinguish between the kinds of condition which may have resulted from such bequests of testatrix. An illegal condition attached to personalty, whether precedent or subsequent, is disregarded. *Matter of Haight,* 51 App. Div. 310, 316. Without further discussion our conclusion may safely rest upon the authority of the analogous case of

*Hacker* v. *Hacker*, 153 App. Div. 270. As a rule future interests in personal property can be created safely only through the medium of trusts, although the Revised Statutes now permit the creation of some future interests.

The contestant, Mrs. Tobin, further objects to the will on the ground that, in paragraph 5 thereof, there was an attempted disposition of 29 chares of stock in the Hoyt Realty Company for a period of ninety-nine years, contrary to our statute against perpetuities. The first sentence of the 5th paragraph, properly construed, means that the testatrix gives to M. Carrie Parker 29 shares of the stock in the Hoyt Realty Company, and that in case of her death prior to that of testatrix the property should be given to T. J. Parker. The statement that the income will be paid quarterly for a period of ninety-nine years is merely a description of the peculiar nature of the investment. Apparently the life of the corporation, or the dividends due therefrom, are limited to a duration of ninety-nine years. The 5th paragraph may be deemed to contain an absolute bequest of the stock, under the rule that a bequest of income, with no mention of the remainder interest, constitutes an absolute bequest. The reference to the death of the first taker means her death prior to that of the decedent. *Matter of Catlin*, 97 Misc. Rep. 223. Alternative gifts were intended.

Mrs. Tobin's contention makes no distinction between the relative rights of T. J. Parker and M. Carrie Parker. She merely urges that no one received a bequest of the stock and that the income only was disposed of for a period of ninety-nine years. None of the other parties except M. Carrie Parker and T. J. Parker can be interested in litigating any question as to their relative rights. They do not urge opposite

contentions, but acquiesce in viewing the gift to M. Carrie Parker as absolute. Therefore, reaching the conclusion that there was an absolute gift of the stock and not merely a gift of the income, no further question remains concerning the stock. M. Carrie Parker is the absolute owner thereof.

The remaining questions involve a consruction of the 16th, or residuary, clause of the will. In the first place, the special guardian for the three infants, Nelson Cameron Hyde, Frederick Hyde and Dorothy Hyde, above named, and Mrs. Tobin urge that there is an intestacy as to one-third of the residuary, because the beneficiary thereof is not adequately named or described. As the record stands, it seems that their contention must prevail. The court is foreclosed from any further consideration of this question by the case of *Harrington* v. *Abberton,* 115 App. Div. 177. In that case the bequest read: " To the person, man or woman, that takes care of me in my last illness and that will remain with me and prepare me for a Christian death." The Appellate Division for the First Department was of the opinion that the bequest was void for uncertainty. While that learned court ultimately rested its decision upon the ground that the plaintiff, a paid employee, was not included in the bounty intended by the testatrix, the case should be deemed an authority in point. In a recent decision of the Court of Appeals in *Matter of Turner,* 206 N. Y. 93, a rule was laid down which at first glance might seem to militate against the foregoing conclusion. A closer examination, however, discloses that while the court laid down a broad rule for construing ambiguities, it did not intend to pass upon a case similar to the present one.

In *Matter of Turner, supra,* the testatrix devised to " John Turner One house; George Turner One house;

William L. Turner, one house.'' The testatrix had, in addition to the houses specifically referred to in the will, three leaseholds on Ninth avenue. The Appellate Division held the bequest to the three sons void for uncertainty. The Court of Appeals reached a contrary conclusion, adopting the dissenting opinion below of Mr. Justice Miller, except in so far as that learned justice had held that the three sons took as tenants in common. The Court of Appeals held that each one of the sons was given a leasehold, with the right of selection in the order in which their names appeared in the will. Mr. Justice Miller in his opinion had said that the ambiguity in that case was a patent ambiguity, but that the only evidence not admissible in resolving this ambiguity was evidence of the declaration of the testatrix. The learned justice held that the circumstances surrounding the maker of the will were as admissible to explain a patent ambiguity as to explain a latent ambiguity. The Court of Appeals in adopting his opinion must be deemed to have laid down that rule of law as the law of this state. This was my own conclusion in *Matter of Fowles,* 95 Misc. Rep. 51. In the case now before me the ambiguity, as in the *Turner* case, is patent. Therefore, it would seem that the circumstances surrounding the maker of the will at the time the will was made would be admissible to explain the ambiguity. The rule admitting evidence of surrounding circumstances is, however, limited to circumstances in existence at the time the will is made. Those subsequently coming into existence are not admissible. *Morris* v. *Sickly,* 133 N. Y. 456, 459; *Matter of Hoffman,* 201 id. 255.

In deciding that evidence of surrounding circumstances was so admissible the Court of Appeals, in the *Turner* case, must me understood, I think, to mean circumstances surrounding the testator or testatrix at

Surrogate's Court, New York County, March, 1917.    [Vol. 99.

the time a will is made.  Such evidence, limited to the time of the making of the will, in the case now before me, would be of no value whatever.  Where the ambiguity consists in a description of a legatee, whose identity is not determinable at the time of the making of the will, evidence of the surrounding circumstances confined to that time can have no probative effect.  The ambiguity in the *Turner* case related to an ambiguity in the description of the property attempted to be willed.  The rule laid down in the *Turner* case, properly limited, must be taken to be that evidence is admissible of circumstances surrounding the maker of the will at the time the will is made in order to explain a patent ambiguity and that a patent ambiguity in the description of a legatee not in existence at the time of the will cannot be so explained.  The Court of Appeals in the *Turner* case did not intend in any way to impugn the decision in *Harrington* v. *Abberton, supra.*  The majority opinion of the Appellate Division cited that case, but neither Mr. Justice Miller nor the Court of Appeals made any comment about it, evidently believing that the case had no application.

It follows that there is an intestacy as to one-third of the residuary.  The heirs at law or the next of kin should take this one-third under the well-settled rule that where a part of the residuary is imperfectly or illegally disposed of an intestacy results.  *Matter of Hoffman*, 210 N. Y. 247; *Hughes* v. *Stoutenburgh,* 168 App. Div. 512.

The 16th paragraph of the will presents one more question:  Is the gift of the remaining twenty-nine shares of stock in the Hoyt Realty Company void?  I think for the reasons just discussed it is partly void for uncertainty.  The first gift, however, is only of a life interest.  Its invalidity does not affect the limitation of the future estate.  N. Cameron Hyde, the

remainderman, takes the twenty-nine shares of stock as an absolute gift. *United States Trust Co.* v. *Hogencamp,* 191 N. Y. 281. The bequests to Fred Hyde, Nellie C. Hyde and Dorothy Hyde are all contingent upon the decease of N. Cameron Hyde in the lifetime of the testatrix. The statement in the will that the Hoyt Realty Company stock cannot be sold is not a testamentary restriction in any way. It is merely a declaration by the testatrix of what she believed was a restriction upon the ownership of the stock.

The provision in the 16th paragraph of the will that any one disputing the will or bringing the will into dispute or controversy should have no part or share in the will is a condition *in terrorem* and without effect. While the will is offered for probate as a will of real and personal property, and though the residuary estate disposes of both, the assets of the decedent to be administered by her representatives consist only of personalty. As there is no gift over expressly stated to take effect for breach of the condition it is invalid. *Matter of Arrowsmith,* 162 App. Div. 623; 213 N. Y. 704.

Decreed accordingly.