In the Matter of the Construction of the Last Will and Testament and Codicil Thereto of WILLIAM ALLEN, Deceased.

MOUNT VERNON TRUST COMPANY and Others, as Executors of and Trustees under the Last Will and Testament of WILLIAM ALLEN, Deceased, and ANNIE B. ALLEN, Appellants; ISABELLA M. CAPSTICK, Respondent,

Second Department, July 24, 1919.

**Will — construction — when trust estate may be held valid although residuary estate is void — suspension of ownership of property.**

A testator may provide for particular estates in trust or for life which will be valid although no disposition is made of the residue.

A will may be declared valid as to trusts and invalid as to provisions for the residuary estate, where it is apparent that no injustice will result.

Case remitted to the surrogate for determination, there being insufficient evidence to enable the appellate court to determine the question as to whether under the terms of a will and codicil a trust suspends the absolute ownership of property for more than two lives in being at the death of the testator.

APPEAL by the Mount Vernon Trust Company and others, as executors and trustees, and another, from a decree of the Surrogate's Court of the county of Westchester, entered in the office of said Surrogate's Court on the 30th day of December, 1918, in a proceeding for the construction of the last will and testament of William Allen, deceased, whereby the surrogate adjudged that the will, except for certain legacies, was void.

*Harold Remington,* for the appellant Annie B. Allen, the widow.

*Frank M. Buck,* for the appellants executors and trustees.

*Joseph S. Wood,* for the respondent.

PER CURIAM:

It does not result from the undoubted illegality of the disposition of the residuary estate after the death of the wife and of Eva B. Graham that the trusts are void. We know of no reason why it is not competent for a testator to provide for particular estates in trust or for life which will be valid

Second Department, July, 1919.          [Vol. 188.

although no disposition is made of the residue. Possibly the trusts might be of such a nature as to make it unjust that' they should be upheld if the residuary bequests should be held to be void. Such was the case of *Brown* v. *Quintard* (177 N. Y. 75). But in the present case no injustice results from declaring the residuary estate void and saving the will as to the trusts.

The question then before us is whether, under the terms of the will and codicil, the trust suspends the absolute ownership of property for more than two lives in being at the death of the testator. This question cannot be answered on the present record, for we have no evidence before us that any of the employees of the corporation, mentioned as beneficiaries in the will or in the codicil, were in the employ of the corporation at the time of the testator's death. If they were not in such employ, the trust may be maintained as continuing during the lives of the wife and of the stepdaughter, Eva B. Graham, and the 12th clause of the will may be sustained as an authority to the executors to add from the corpus of the estate, during the life of the wife, such sum or sums as in their opinion might be necessary for her proper support and maintenance.

The decree of the surrogate is reversed, with costs of the appeal to all parties who have appeared, payable out of the estate, and the case remitted to the surrogate for determination upon such facts as may be adduced on a new trial regarding the conditions as they existed at the time of the execution of the will and the codicil and of the death of the testator. The judgment to be entered upon this proceeding does not affect the conclusive nature of the decrees that have been rendered upon the accounting of the executors, with the contents of which we are not acquainted.

JENKS, P. J., PUTNAM, BLACKMAR, KELLY and JAYCOX, JJ., concurred.

Decree of the Surrogate's Court of Westchester county reversed, with costs of the appeal to all parties who have appeared, payable out of the estate, and case remitted to said court for determination in accordance with opinion. Order to be settled on notice.