10                MATTER OF ERICKSON.

Surrogate's Court, New York County, August, 1920.   [Vol. 113.

# Matter of the Estate of ALEXANDER H. ERICKSON, Deceased.

(Surrogate's Court, New York County, August, 1920.)

Wills — construction of — trusts — residuary estates — remainders — suspension of power of alienation — accumulations — Personal Property Law, § 16.

Testator was survived by his widow and three daughters by his first wife, a son by his second wife and by her daughter by a former marriage. All of said children are infants and with the widow are all of the beneficiaries named in the will of testator. *Held,* that the corpus of a trust fund, the income of which was given to the widow for life with no express bequest of the remainder, passed to testator's son under the general residuary clause in his favor.

Though the testator, in the first paragraph, made a bequest of all his estate to trustees, and the residuary clause is broad enough to include property unbequeathed in other portions of the will, the fact that in some parts thereof he provided for gifts over and did not do so in the third paragraph by which in clear and unambiguous language he made a bequest of a certain sum of money to his step-daughter, indicates that an absolute gift to her was intended.

By another paragraph read in conjunction with other provisions of the will the testator intended to separate from the rest of his estate an amount that would earn thirty-five per cent of the total income of the estate, to be held in one fund for convenient investment and to constitute the principal of separate trusts for each of his three daughters, each trust to continue during the life of each daughter or so long as each should lead a proper life under proper surroundings. *Held,* that the trusts in favor of the daughters were valid and that an attempted disposition of the remainder to the children of said daughters after the termination of the trusts, involving as it does a possible suspension of the power of alienation during lives not in being, was unlawful and the remainders will fall into the residuary estate.

A similar provision for the capitalization of twenty-five per cent of the total income of the estate to be held in trust for testator's son, the income to be applied to his education, support

and maintenance until he attains his majority, at which time he is to receive one-third of the principal of the trust, is valid, but a direction to accumulate the income for his benefit after he becomes of age is void under section 16 of the Personal Property Law.

PROCEEDING under section 2615 of the Code of Civil Procedure for the construction of a will.

Wilder, Ewen & Patterson (John Ewen, of counsel), for petitioner.

Humes, Smith & Tweed (Albridge C. Smith and Coran P. Capshaw, of counsel), for New York Trust Co., executor and trustee.

Maurice Hotchner, for Minnie F. Hirsch and Frank F. Boulton.

Daniel J. Mooney, special guardian for Ethel Griffiths and William T. Erickson, 2d.

Leslie J. Tompkins, special guardian for Adelaide, Muriel and Isabel Erickson.

Arthur Mayer, for Anthony J. DeMay.

COHALAN, S.  This is a proceeding under section 2615 of the Code of Civil Procedure for the construction of the will of the decedent. The will was admitted to probate December 24, 1918. The testator was survived by his widow, Clara C. Erickson, three daughters, Adelaide, Muriel and Isabel, the issue of testator's first marriage, a son, William Thorne Erickson, 2d, the issue of testator's marriage with the petitioner, Clara C. Erickson, and a stepdaughter, Ethel Griffiths, a child of the petitioner by a former marriage. All of the above named children are infants, and, together with the petitioner, are all of the beneficiaries

Surrogate's Court, New York County, August, 1920.   [Vol. 113.

named in the will.  The testator's wife was bequeathed the income on an investment of $100,000, with no express bequest of the remainder in said fund.  A bequest of $15,000 was made to the stepdaughter, Ethel Griffiths, the principal to be held in trust and the income and, if necessary, part of the principal, to be applied to her education, maintenance and support; if she marries with the approval of one of two persons named before she reaches the age of twenty-five she is then to receive $5,000 cash, and to continue to have applied the income on the balance, until she reaches said age of twenty-five, when she is to receive the balance of the principal sum.  There follows in the 4th paragraph an involved provision for the three daughters of testator and the petitioner, which is one of the chief grounds of contention between the different parties hereto.  The trustee is directed to pay thirty-five per cent of the income of the estate to the grandmother of the three girls, to be divided by her into three equal parts, for the education, support and maintenance of each girl so long as the grandmother believes they are leading proper lives.  As each girl marries, she is to receive outright in cash a sum equal to ten per cent of the principal represented by one-third of the thirty-five per cent income.  Under certain conditions, the survivor or survivors of the three girls takes an additional interest, and if either of the girls dies leaving children, the children are to take the income of the share that the mother was getting. The 6th paragraph directs that the residue be held in trust for William Thorne Erickson, 2d, the child of testator and the petitioner.  Twenty-five per cent of the income of the estate is to be held in a separate fund for his education, support and maintenance, until he attains his majority, when he is to receive one-third of " his interest in the principal of the estate," the bal-

ance to be held and paid over to him when he attains the age of thirty-five years. In case he dies before he becomes thirty-five years of age, provision is made for life estates to each of the three daughters with remainders to their issue. If the son marries and has children and then dies before he receives all his estate, his children are to receive all that he would have taken. In the event of his death without issue before he receives his entire legacy and devise, his wife is to receive " a life income equal to one-third of the income of my son's share in my entire estate, but, if she remarries, she loses her entire interest." The New York Trust Company is named as executor and trustee and, in case of its failure to qualify, the Farmers' Loan and Trust Company is designated.

The first question is the disposition of the *corpus* of the trust created for the benefit of the widow. She is entitled to receive the income from a fund of $100,000, to be invested by the trustees in Liberty bonds or other similar investments as directed by the will. As the trust is clearly limited by her life, we have a case where a trust is created for a life, but with no express disposition of the remainder. If there were no general residuary clause, no doubt the entire fund would vest in the widow, upon the principle that a bequest of income generally with no mention of the remainder constitutes an absolute bequest. But this rule applies only to a case where the will or instrument creating the trust is silent as to its duration and where upon examination of the purposes, objects and necessities of the trust it is found that the intention was to vest absolute ownership. *Locke* v. *Farmers' Loan & Trust Co.*, 140 N. Y. 135; *Hatch* v. *Bassett*, 52 id. 359; *Matter of Dibble*, 76 Misc. Rep. 413. In *Matter of Farmer*, 99 Misc. Rep. 437, 443, the residuary clause expressly excluded the twenty-nine shares of stock in question.

Surrogate's Court, New York County, August, 1920.  [Vol. 113.

In the will before the court, there is a specific limitation of the trust upon the life of Clara Erickson. As was said in the *Locke Case, supra,* 146: " The trustee always takes the legal title, but only such as is required by the scope and extent of the trust itself; and, where that continues but for a life, only a commensurate legal estate passes, and the fee in the land subject to the trust, and the principal of a fund subject to the life use remain undisposed of or pass elsewhere." In the instant case the *corpus* of this particular trust passes elsewhere, namely, under the general residuary clause in favor of the son. *Lamb* v. *Lamb,* 131 N. Y. 227; *Leggett* v. *Stevens,* 185 id. 70; *Matter of Allen,* 188 App. Div. 867.

I am of the opinion that the provision for Ethel Griffiths in the third paragraph constitutes an absolute bequest; the principal and income to be applied to her use, and the enjoyment of principal to be postponed as directed in the will. Though the will commences with a statement that the testator gives all his property in trust, the language of the third paragraph is sufficiently clear and specific to indicate an intention to vest in the stepdaughter the entire principal and income with enjoyment of principal deferred. In no other part of the will (except the general gift to the trustees) did the testator use such words of direct gift as " I give, devise and bequeath to my stepdaughter Ethel Griffiths the sum of fifteen thousand ($15,000) dollars  *  *  *." Whatever his intention in the bequest of all his estate to his trustees in the first paragraph, he used words that were clear and unambiguous in his bequest to Ethel Griffiths in the third paragraph. Though the residuary clause is broad enough to include property unbequeathed in other portions of the will, the fact that the testator provided for gifts over in some parts of the will and did not do so in the

paragraph making provision for the stepdaughter is significant, and is a further indication that he intended the gift to Ethel Griffiths to be absolute. *Fulton Trust Co.* v. *Phillips,* 218 N. Y. 573; *Vanderpoel* v. *Loew,* 112 id. 167, 181; dissenting opinion by Judge Cullen in *Dickerson* v. *Sheehy,* 209 id. 592.

The 4th paragraph of the will is as follows:

"*Fourth:* I direct that thirty-five (35%) per cent. of the income of the estate be paid to Minnie F. Hirsch, of the City of New York, as trustee, and I direct that said sum be by her divided into three (3) equal parts, and I direct that one of said equal parts be by said Minnie F. Hirsch applied for the education, support and maintenance of each one of my three daughters, Adelaide, Muriel and Isabel, share and share alike, so long as she considers they are continuing to live under proper surroundings and leading proper lives. As each one of the three girls marries, she is to receive an outright payment in cash of a sum of money equal to ten per cent. of the principal represented by one-third of the thirty-five per cent. income. They are not to know anything about this inheritance or their interest in my estate until they are actually married. In the event that either of the girls dies before receiving her share as above, the survivor or survivors of the three girls shall receive the benefit of the interest that would have gone to the deceased girl. If either of the three girls dies leaving children surviving, such children are to divide the income of the share that the mother was getting. If Minnie F. Hirsch dies before she enters upon or completes this trust, I request my valued friend Anthony J. De May to undertake this trust. If he cannot or will not do so or does not complete it, I direct that my executor and trustee hereinafter named enter upon and complete it."

A careful study of the above paragraph in conjunc-

tion with the other provisions of the will leads to the conclusion that the testator thereby intended to create separate valid trusts for each of his three daughters, each said trust to continue during the life of each daughter, or so long as each lived a proper life under proper surroundings, as above provided. The attempted disposition of the remainders to the children of the daughters after the termination of said trusts is ineffectual and unlawful, because it involves a possible suspension of the power of alienation during lives not in being. These remainders fall into the residuary estate under paragraphs sixth and seventh of the will. Mrs. Hirsch, the grandmother, is constituted trustee of the income to be applied by her to the use of the three daughters. I think the testator intended to separate from the rest of his estate an amount that would earn thirty-five per cent of the total income of the estate. This amount was to be held in one fund for convenience of investment and to constitute the principal of the separate trusts for the three daughters. *Matter of Colgrove,* 221 N. Y. 455, 459. The invalid remainders to the children of the daughters are severable and may be cut off to save the primary dispositions of the will. *Kalish v. Kalish,* 166 N. Y. 368; *Matter of Hitchcock,* 222 id. 57. The trust for the daughters is to last during the life of each daughter, unless sooner terminated if the trustee of the income decides that the beneficiary is not living under proper surroundings or leading a proper life. It is not necessary now to define the meaning of this provision. That may be done if occasion arises. The testator has given several indications of an intent to create separate trusts. The provision for the step-daughter is independent of other provisions of the will. The trust for any daughter may be terminated under the discretionary power given to Mrs. Hirsch

or one of the alternate trustees of the income for the three daughters. There is a specific direction to sever a portion of the principal upon the marriage of each daughter. The possibility that the daughters would be married and that they might not " continue to live under proper surroundings and lead proper lives " are events that the testator could scarcely have contemplated as all happening together. These provisions for the release from the trust of a portion of principal, and foreseeing the possible termination of each trust at different times, are the evidences of intention that were lacking in most of the leading cases where it was held that there was one entire trust which was not legally severable. *Central Trust Co.* v. *Egleston,* 185 N. Y. 28; *Leach* v. *Godwin,* 198 id. 35. Other cases cited are distinguishable because they contained specific directions that could not be extricated from, the general testamentary scheme involving a suspension of alienation for three lives. *Knox* v. *Jones,* 47 N. Y. 389; *Matter of Magnus,* 179 App. Div. 359; *LaFarge* v. *Brown,* 31 id. 543; *Bailey* v. *Buffalo Loan, T. & S. D. Co.,* 213 N. Y. 525. In the light of the above cases, there seems to be no doubt that valid trusts for the daughters were created in the 4th paragraph. *Matter of Colgrove,* 221 N. Y. 455.

The trust for the benefit of the son contained in the 6th and 7th paragraphs of the will is valid. Under the residuary clause the son takes all property not theretofore expressly bequeathed, together with all bequests that fail because of illegality. *Matter of Colegrove, supra; Lamb* v. *Lamb,* 131 N. Y. 227. The trust for the son will consist of that portion of the principal of the estate which is represented by twenty-five per cent of the income. This provision for capitalizing the income is similar to that for the three daughters in the 4th paragraph. The income is to be

**2**

applied to the education, support and maintenance of the son until he attains his majority, when he shall receive one-third of the principal of this trust.   The direction to accumulate the income for his benefit after he has become twenty-one years of age is void.   Pers. Prop. Law, § 16.

There is no present need of a construction of paragraphs eighth, ninth and tenth of the will.   It may never be necessary to construe these portions of the will, for the contingencies mentioned therein may never arise.   These paragraphs do not affect the validity of the other portions of the will.   The application for their construction is therefore denied as premature. *Matter of Hance,* N. Y. L. J., Feb. 6, 1920; affd., 192 App. Div. 904.   In construing this will the extrinsic evidence taken has been disregarded.

Decreed accordingly.