In the Matter of the Estate of HENRY G. ELY, Deceased.

Surrogate's Court, New York County, August 12, 1927.

Wills — trusts — validity — trust for benefit of wife and on her death one-half of fund to be held for benefit of three persons — said trust is void — remainder in part of principal to named third person is accelerated — remainders to children of beneficiaries cannot be accelerated and testator died intestate as to those.

A trust created for the benefit of three persons following a trust for the benefit of the testator's wife is void on the ground that it is for more than two lives in being.

The remainder in one-half of the principal set up for the benefit of the wife which constituted the principal of the void trust was divided into three parts, one part to go to a named person and each of the other parts to go to the children of two of the beneficiaries under the void trust. The remainder interests devised to the named person is a vested remainder and is severed from the illegal trusts and accelerated. The remainders and cross-remainders to the children of the beneficiaries constitute gifts to a class and are contingent, cannot be accelerated, and as to those remainders the testator died intestate.

ACCOUNTING by trustee involving construction of will.

*Budd & Coffey* (*Bern Budd* and *Joseph A. Nickerson* of counsel), for the respondent.

*Chadbourne, Hunt, Jackel & Brown,* for the executors.

Surrogate's Court, New York County, August, 1927.     [Vol. 130

*Sherman & Sterling*, for the petitioner.

*Scrugham & Arbuckle*, for First National Bank of Yonkers.

*Wilberforce Scully*, special guardian.

*Wallin, Beckwith & Edie*, for Edgar B. Ely, Clara L. Sands and Seymour W. Ely.

O'Brien, S. This is a trustee's accounting in which a question of construction of the will of the above-named testator is presented for decision. The will, after directing the payment of debts and bequeathing $300 for the perpetual care of a cemetery plot, creates a trust of all the rest, residue and remainder of the estate for the benefit of the testator's widow, Fannie C. Ely, she to receive the income for life. Upon her death three-sixths of the residue so held in trust is bequeathed to beneficiaries outright; the other three-sixths the trustees are directed to continue to hold in trust and to pay the income therefrom to Jane S. Ely, testator's sister, Clara L. Sands, a niece, and Edgar B. Ely, a nephew.

This will was before me in 1924 for decision as to the validity of this trust, and an opinion was rendered by me as follows: " Under the provisions of the will a valid trust was created for the benefit of the widow of the testator, with power in the trustee to invade the principal during her lifetime. There is no present necessity for construing the ultimate disposition of the remainder provisions of the will to take effect on the death of the widow. These questions at this time are purely academic (*In re Hance's Estate*, 180 N. Y. Supp. 269, affd., 192 App. Div. 904; *Matter of Erickson*, 113 Misc. 10, p. 18, affd., 198 App. Div. 999)." (N. Y. L. J. Nov. 28, 1924.)

Fannie C. Ely died December 22, 1926, thus terminating the first trust. Jane S. Ely, the testator's sister, died January 2, 1927, and it, therefore, becomes necessary to determine the validity of the additional trust attempted to be created by the testator out of three-sixths of the residue after the death of his widow. The provisions of the will with regard to this trust and the disposition of the remainder, read as follows, quoting from the last paragraph of article 5, subdivision 3d, and all of article 6 of the will:

" To pay the net income of said trust, after deducting expenses incidental and necessary to administering the same, quarterly or other periods of time at the discretion of said trustees, to my sister Jane S. Ely of Beverly, N. J., my niece Clara L. Sands of Bridgeport, Connecticut, and my nephew Edgar B. Ely of Yonkers, N. Y., *the survivors or survivor of them as long as they or any of them shall live.* But if in the sole uncontrolled discretion of said trustees it shall become necessary, in order to maintain my said sister in

her present standard of living, I authorize and empower my said trustees to pay to her or for her benefit such sum or sums as may be absolutely necessary, in the sole uncontrolled discretion of said trustees, out of the principal of said trust, but not in any event to exceed one-third thereof.

"*Sixth.  Upon the death of said Jane S. Ely, Clara L. Sands and Edgar B. Ely,* I direct that the entire trust estate shall be divided into three (3) equal parts or shares, to be disposed of as follows:

" (a) One part or share shall be paid over and delivered unto my great-niece Lela M. Church wife of Harvey Pond of Hartford, Connecticut, to be hers and her heirs forever.

" (b) One part or share shall be paid over and delivered unto the child or children of said Clara L. Sands, in equal parts if more than one child, to be his or theirs and his or their heirs forever.

" (c) One part or share shall be paid over and delivered unto the child or children of said Edgar B. Ely, in equal parts if more than one child, to be his or theirs and his or their heirs forever.

" (d) If Clara L. Sands shall die leaving no living descendants, then the part or share provided for in sub-division (b) of Section Sixth, shall become part of sub-division (c) of Section Sixth and be disposed of according to its terms.

" (e) If Edgar B. Ely shall die leaving no living descendants, then the part or share provided for in sub-division (c) of Section Sixth, shall become part of sub-division (b) of Section Sixth and be disposed of according to its terms."

From a reading of this will it clearly appears, and it is conceded, that the trust is, except for the life of the widow, unquestionably void, as the absolute power of alienation is suspended for more than two lives in being at the date of the testator's death by the direction to the trustees to hold the property for " *the survivors or survivor of them as long as they or any of them shall live.*" (Real Prop. Law, § 42; Pers. Prop. Law, § 11; *Leach* v. *Godwin,* 198 N. Y. 35.)

We come next to the question of the disposition of the remainder. Shall the void trust be eliminated and the remainder accelerated, or did the testator die intestate as to this remainder?

I hold that the remainder interest of Lela M. Church, wife of Harvey Pond of Hartford, Conn., is a vested remainder and can and should be severed from the illegal trusts and such remainder accelerated. ( *Kalish* v. *Kalish,* 166 N. Y. 368; *Matter of Trevor,* 239 id. 6, 17; *Matter of Horner,* 237 id. 489.)

I hold that the remainders and cross-remainders to the children of Clara L. Sands and Edgar B. Ely are gifts to a class and are contingent, both as to time of division and as to the persons who are to be the ultimate beneficiaries, and cannot be accelerated, and

Supreme Court, September, 1927.                    [Vol. 130

that as to those remainders the testator died intestate. (*Matter of King*, 200 N. Y. 189; *Matter of Silsby*, 229 id. 396; *Matter of Trevor*, 239 id. 6, 16; *Matter of Horner*, 237 id. 489.)

Submit decree on notice settling the account and construing the will accordingly.