Baltz v. Muskopf.

---

### FREDERICK L. BALTZ
### V.
### DANIEL MUSKOPF ET AL.

### WILLIAM BALTZ
### V.
### SAME.

*Husband and Wife—Earnings of Wife—Evidence—Harmless Error—Wills.*

1. Where a married woman takes a person into her home and herself supports and cares for her under the provision in a will that for doing so she shall have such person's share in the estate, she and not her husband is entitled to the compensation.

2. The exclusion of competent testimony which could not have changed the result, is not reversible error.

## [Opinion filed June 13, 1890.]

APPEAL from the Circuit Court of St. Clair County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. JAMES M. HAY, for Daniel Muskopf.

Messrs. TURNER & HOLDER, for Louisa Merkel.

PHILLIPS, J.   Frederick L. Baltz filed a bill of interpleader making Daniel Muskopf, Louisa Merkel and Cornelius Merkel administrators of Margaret Muskopf, defendants, alleging he was indebted on a certain note, and asking that defendants interplead, and that the court should determine to whom same should be paid, and that he is willing to pay same to whoever is entitled thereto, and offers to bring the money into court; and alleging further that each of said defendants claimed the same.   William Baltz filed a similar bill of interpleader making same defendants and similar averments.   These causes were consolidated, and on hearing, the court decreed that William Baltz pay into court for the defendant Louisa Merkel, $1,234.22, and that Frederick L. Baltz pay into court for the defendant Louisa Merkel, the sum of $1,166.40.   Frederick and William Baltz each paid into court the amounts by them respectively ordered to be paid, whereupon they were discharged.   Daniel Muskopf brings the cause to this court by appeal.

The errors assigned are in directing the money to be paid into court for Louisa Merkel and in the admission and exclusion of testimony.

It appears that Dorothea Baltz died testate, March 15, 1866.   Her will was probated, but no administration was ever had upon her estate.   The executors of her will never qualified.   Her heirs were all of age and divided her property among themselves, as directed by the will.   This controversy arises out of the share received by Margaret Baltz.   She received a specific legacy of $500 and her share of the estate outside of the legacy, $750.   William Baltz borrowed from his sister, Margaret, her legacy of $500 and gave her his note, dated January 19, 1871, for that amount, payable to her or

bearer, two years after that date, with interest from date at the rate of eight per cent per annum.   Frederick Baltz bought all his brother's and sister's interest in the real estate of their mother, and gave Margaret Baltz his note for her share, amounting to $750.   Margaret Baltz was an invalid, and the will of Dorothea Baltz contained a provision, "that who will take charge of Margaretha Baltz, shall treat her well and decently, and give her lodging, clothing and boarding, and, if necessary, medical treatment and medicine, shall, in consideration thereof, have all the property of the said invalid.   But in case such invalid can not remain with the one who has so taken care of her, or in case the one that has taken care of her, can not keep her, then he shall have a proportionate and reasonable compensation and the invalid brought back to some other place.   The property of said invalid shall be loaned out at interest on good security, and the interest shall be applied in behalf of said invalid, and whatever she does not use in each year shall be paid to the one so taking care of said invalid."

On the death of Dorothea, Margaretha was taken to the house occupied by Daniel Muskopf and wife, where she resided until her death, on February 15, 1882.   Christine Muskopf, the wife of Daniel Muskopf, was a sister of Margaret and had been twice married prior to her marriage with Daniel Muskopf, and at the time of her marriage to Daniel was possessed of both real and personal property and subsequently by devise from Dorothea received $750.   Christine died September 12, 1888, leaving surviving her husband, Daniel Muskopf, and an only child, Louisa Merkel, a daughter by a former husband.   The husband and wife, each by their labor, aided in providing for the expense of the family, and the evidence shows that Christine alone paid for medical services for Margaret and paid her funeral expenses.   There is no evidence to show that Daniel Muskopf expended any money or made any provision for the care of Margaret, save what he provided for subsistence, in which he was aided by his wife.   The fact that Margaret was an invalid and much of the time almost helpless and requiring the care and nursing of women, is shown.   While under the

Married Woman's Act of 1861 and 1869, the wife could not bind herself by a contract to render services of the character here rendered, yet this is not an executory but an executed contract; and the question as to whether the wife could bind herself by a contract does not arise here; and the declaration of the husband, if his wife would take that person he would not tend her, he would not lay a hand on her, shown by the evidence, does not disclose a purpose on his part to care for and receive the provision made by the will of Dorothea for caring for Margaret. From 1866 to 1882, it appears that Margaret was cared for by Christine Muskopf, aided by her daughter Louisa Merkel. The note made by Frederick Baltz was, after the death of Margaret, on June 21, 1883, renewed, and a note made payable to Christine Muskopf. That does not appear to have been done with the knowledge of Daniel Muskopf, but the fact that from the death of Margaret in 1882, to the death of Christine in 1888, no claim was made by Daniel Muskopf for the notes or for any compensation for support, was sufficient to authorize the inference that he consented to Christine receiving the compensation for support of Margaret. The note made by William Baltz was payable to Margaret Baltz or bearer. From the entire evidence in the record it authorized the finding by the court that Christine rendered the service and was entitled in equity to the compensation. She became possessed of the notes and claimed to own them, and in her lifetime gave the notes to her only child, Louisa Merkel, and delivered possession to her; after that time she claimed to own them and demanded payment of them. The statute of limitations would soon bar the collection of the note made by William Baltz, and letters of administration issued to Cornelius Merkel, who sued for use of Louisa, and up to this time no claim was made by Daniel to these notes or either of them. The decree properly held the money, in equity, was Louisa Merkel's.

The objection to the ruling of the court that Daniel Muskopf was not a competent witness to testify to acts done and money paid Christine for Margaret Baltz, is assigned as error. Louisa Merkel and Daniel Muskopf were each offered as wit-

nesses and were excluded except for matter occurring after the death of Christine.   The controversy is as to who is entitled to the money due from Frederick and William Baltz.   While we hold that both Daniel and Louisa would be competent witnesses in this cause, to the excluded testimony, yet from a careful examination of the record we hold the testimony of Daniel ought not, even if admitted as offered, as appearing in the record, cause the decree to be different, and the error is not such as should reverse the case.

*Judgment affirmed.*