(115 App. Div. 177)

## HARRINGTON v. ABBERTON et al.

(Supreme Court, Appellate Division, First Department.   October 19, 1906.)

1. WILLS—VALIDITY—DESCRIPTION OF LEGATEE—CERTAINTY.

A residuary clause in a will leaving property to the person, man or woman, who should take care of the testator during his last illness and remain with him and prepare him for a Christian death, was invalid for failure to specify the legatee with sufficient distinctness.

[Ed. Note.—For cases in point, see vol. 49, Cent. Dig. Wills, § 243.]

2. SAME—CONSTRUCTION—EVIDENCE.

In an action for the construction of a will leaving a residuary legacy to the person who should take care of the testator during his last illness, and remain with him and prepare him for a Christian death, evidence held insufficient to show that the plaintiff was the legatee designated, even if the legacy were deemed valid.

Houghton, J., dissenting.

Appeal from Special Term, New York County.

Action by Annie Harrington against Mary Abberton, individually and as executrix of Nicholas Hannan, and others.   From a judgment

dismissing the complaint on the merits and directing judgment for defendants, plaintiff appeals. Affirmed.

Argued before O'BRIEN, P. J., and INGRAHAM, CLARKE, HOUGHTON, and SCOTT, JJ.

David B. Simpson, for appellant.
John McG. Goodale, for respondent Hannan.
Eugene Seligman, for respondent Rhodes.

O'BRIEN, P. J. This action is brought for the construction of the will of Nicholas Hannan, deceased. Two questions are presented upon this appeal. The first question is as to the validity of the clause of the will disposing of testator's residuary estate. Is the clause void for uncertainty? If the clause is valid, the second question arises: Has the plaintiff, who desires to be declared residuary legatee, shown that she is the residuary legatee there designated?

The residuary clause, which we here have to pass upon, is as follows:

"I further desire that, after my doctors' bills and funeral expenses are paid, the remainder left of my money should be paid to the person, man or woman, that takes care of me during my last illness and that will remain with me and prepare me for a Christian death."

A gift by will to be valid must be certain on its face. There must be a designation of a person or object, with the exception of charitable trusts, which is sufficiently definite to enable the court to identify the person or object with reasonable certainty. As said in Jarman on Wills (6th Ed.) vol. 1, p. 354:

"Conjecture is not permitted to supply what the testator has failed to indicate; for, as the law has provided a definite successor in the absence of disposition, it would be unjust to allow the right of this ascertained object to be superseded by the claim of anyone not pointed out by the testator with equal distinctness."

"Evidence is not receivable for the purpose of broadening or narrowing a description under the guise of explaining it." Underhill on Wills, p. 1403.

Is the residuary legatee in the will before us here indicated with sufficient distinctness to be capable of reasonably certain identification? We think not. The phrases "take care of me during my last illness," and "remain with me and prepare me for a Christian death," are too broad for a definite interpretation. How is it possible to ascertain to what extent the testator required personal care from the legatee, or to what extent did he intend that that care might be delegated to others? Did he intend the gift of his residuary estate to depend upon actual presence at his deathbed, and, if so, for how long a time before? What must one do to "prepare" another for a Christian death? The ambiguities are patent.

The uncertainty of the clause is demonstrated by the facts brought out by the examination of plaintiff's witnesses. The facts show that plaintiff was a lodging and boarding house keeper and that testator died at her house; that plaintiff, with the assistance of her daughter and brother-in-law, cooked and served the meals of the testator; that during his last illness the meals of the testator were served in his room, the daughter and brother-in-law of the plaintiff assisting in the work occasioned thereby; that during the last illness plaintiff, with the

assistance of one of the boarders in her house, bathed the testator; that plaintiff sent her daughter for a doctor and her brother-in-law for a priest. The brother-in-law testified that he had frequently sat with the plaintiff and by words of consolation and advice did his best to prepare the testator for a Christian death. From these facts it is evident that plaintiff, her daughter, her brother-in-law, the boarder who assisted in his baths, the doctor and the priest, all come within the description of the residuary clause. It may be conceded that plaintiff more fully answers the description of the residuary legatee than any other, and yet this would not remove the uncertainty or indefiniteness so that courts could enforce such a bequest. It is necessary in order for her to take that she fully answer the description of the residuary legatee, and she alone, in order that the court may say with reasonable certainty that she is the person intended.

However, even if the clause be held valid, we do not think the plaintiff has shown that she was the person intended. The plaintiff was at the time of the rendering of the above services a lodging and boarding house keeper, and while there is no direct evidence upon this point there is a strong presumption that plaintiff was paid for her services, and therefore cannot be said to be the one the testator intended as his residuary legatee.

The case of Fiester v. Shepard, 26 Hun, 183, is somewhat analogous in principle to the case at bar. In that case a testatrix devised all her property to a trustee, to apply the same and the rents thereof to the support of her father during his life, and after his death to make certain payments. The will then provided as follows:

"The residue of my estate, if any there shall be to be paid by my executor hereinafter named, to the person who shall last take care of my father."

In the opinion, holding that a paid caretaker was not entitled to the residuary estate under the clause, the court said:

"The respondent's claim rests upon the ground that she personally nursed and cared for Havens in his last sickness. This fact she insists entitles her to the residue under the eighth clause, although she was employed by the trustee and was paid by him for her services. As was pertinently said in the brief of the appellant's counsel, if the claim of the respondent is good, her servant, who also took care of the deceased by her direction, could claim on like ground. The intent of the testatrix was not to give the residue of her estate to the individual who should happen to be the last one with his own hands to care for her dying father, or to give it to the servant or agent who should attend him and care for him during his last sickness, under employment and compensation from the trustee. Such a disposition of her estate would have been whimsical and is not to be imputed to her, unless the language of the will requires it. We think it does not."

By a similar process of reasoning we should reach the same conclusion that the appellant failed to establish that she was the one intended.

It follows, therefore, that the judgment appealed from should be affirmed, with costs. All concur, except HOUGHTON, J., who dissents.