## Staunton.

### EARLY AND OTHERS V. ARNOLD AND OTHERS.

September 11, 1916.

1. WILLS—*Construction—Case at Bar—"Heirs"—Fee Simple—Uncertain Beneficiary—Will of Infant—Equity Jurisdiction.*—A testatrix, by her will, gave real and personal estate to one of her sons, and further provided that if he "should die without heirs, I want it to go to whoever has been his best friend." The son died at the age of twenty years, leaving a will giving the property to his uncle and aunt. Suit was brought by the uncle and aunt and the administrator c. t. a. of the mother and son praying a construction of the two wills and that the beneficiaries thereunder be ascertained and their rights thereunder determined, and for other relief. The circuit court dismissed the bill on the ground that the parties had an adequate remedy at law.

   *Held:* The parties were entitled to relief in equity, and it was error to dismiss the bill; the word "heirs" as used in the mother's will means "children;" the son took a fee simple in the real estate and the absolute estate in the personal property devised and bequeathed by the mother's will; the gift over, in the mother's will to her son's best friend is void for uncertainty; the will of the son is a valid disposition of his personal estate, but .void as to his real estate, and the latter passed to his next of kin according to the statute of descents.

2. WILLS—*Form—Intention that a Particular Paper Shall be a Will.*—No particular language or form is necessary to constitute a valid will, and the surrounding circumstances are admissible to explain, in a proper case, the intention of the testator; but one may execute a paper with every formality known to the law, and by it devise all of his property, but unless he intends that very paper to take effect as a will, it is no will.

Appeal from a decree of the Circuit Court of Smyth county. Decree for the defendant. Complainants appeal.

*Reversed.*

The opinion states the case.

*H. M. Heuser*, for the appellants.

*S. B. Campbell*, for the appellee.

HARRISON, J., delivered the opinion of the court.

The allegations of this bill make a case entitling the complainants to relief in equity. This will sufficiently appear from the consideration given hereinafter to the several questions presented by the record. We are, therefore, of opinion that the circuit court erred in dismissing the bill, at its October term, 1911, as to R. M. Early and Lockett Early, his wife, upon the ground that they had an adequate remedy at law, and in dismissing, at its January term, 1915, the petition of the same parties asking to be reinstated as parties plaintiff; and finally in dismissing the cause as to all parties, at its March term, 1915, without affording the relief asked for in the bill.

The complainants, R. M. Early and wife, were interested in the result of this litigation and were not only proper but necessary parties. It appears from the record that Malinda P. Arnold, *nee* Early, was twice married. Her first husband was W. S. Kinnaman, by whom she had one child, namely, William S. Kinnaman, who was born about six months after his father's death. Subsequently, Mrs. Kinnaman married the defendant, S. Guy Arnold, by whom she had two children. Under the terms of the will of her father, James T. Early, she owned thirty-four acres of land with improvements thereon, and certain personal property. This inheritance from her father was, however, subject to the life estate therein of her mother with whom she lived throughout her married life and up to June 17, 1904, when she died, leaving surviving

her S. Guy Arnold, her husband, and her two children by him and her son William S. Kinnaman by her first marriage.

This son, William S. Kinnaman, being delicate, had always been the object of his mother's peculiar solicitude. In her will, which was duly proven and recorded, she provides for this son as follows: (1) "I want my son, William Steward Kinnaman, to have my entire interest in the estate of my father, James T. Early. (2) If Steward should die without heirs, I want it to go to whoever has been his best friend." This will was not found for several years after the death of the testatrix, and in the meantime her husband, S. Guy Arnold, had taken possession of the estate passing thereby. With the will when found was a letter addressed to the testatrix's brother "Bob." This letter cannot, as contended, be received and treated as a codicil to Mrs. Arnold's will. It does not dispose of property and shows no intention on the part of Mrs. Arnold that it should operate as a will. On the contrary the letter recognizes the fact that she had already made a will and points her brother to that paper as containing her last wishes with respect to her property. The letter tells her brother how she had disposed of her estate, and explains to him her motives for disposing of it as she had. The letter was of a most intimate nature, and as further showing that it was not intended as a testamentary disposition, the author adds in a postscript: "This is written to you only, my dear brother, in strict confidence." This last clause shows that the letter was never intended as a codicil but was merely a confidential communication to her brother and intended for no other eyes but his.

It is true that no particular language or form is necessary to constitute a valid will, and that the sur-

rounding circumstances are admissible to explain, in a proper case, the intention of the testator; but one may execute a paper with every formality known to the law and by it devise all of his property, but unless he intends that very paper to take effect as a will, it is no will.

*McBride* v. *McBride*, 26 Gratt. (67 Va.) 476.

After the death of Mrs. Arnold, her son, young Kinnaman, then thirteen years old, remained for four years with his grandmother where he had always lived. After his grandmother's death he lived with his uncle and aunt, R. M. Early and Lockett Early, his wife, until his death in the twenty-first year of his age. A few months before his death, when he was twenty years old, William S. Kinnaman made and executed his last will and testament, which was duly proven and recorded. By this will he provides as follows: "I do by these presents consider my uncle and aunt my best friends, and do hereby and herewith bequeath and give unto my said uncle and aunt, Robert and Lockett Early, all my real estate, and personal property that was left me by the terms of my mother's will."

The complainant, H. M. Heuser, was appointed and duly qualified as administrator c. t. a. of both William S. Kinnaman and his mother, Malinda P. Arnold.

The bill asks that both of these wills be construed; that the beneficiaries be ascertained and their rights thereunder determined by the court; that the administrator of the two estates be advised whether the personal property involved passes under the will of Malinda P. Arnold or that of her son, William S. Kinnaman, and to whom the residue thereof shall be paid after satisfying the costs of administration; that S. G. Arnold be required to fully account for the per-

sonal property converted by him, and that he be required to vacate and surrender possession and claim to the real estate in question, and for general relief.

We are of opinion that, after the death of his grandmother who had a life estate therein, William Steward Kinnaman took a fee simple in the real estate passing by his mother's will, and an absolute estate in the personal property passing thereby. The provisions of the will are as follows:

(1) "I want my son, William Steward Kinnaman, to have my entire interest in the estate of my father, James T. Early."

(2) "If Steward should die without heirs, I want it to go to whoever has been his best friend." The word "heirs" as here used clearly means "children."

This limitation over in the event Steward should die without heirs is void for uncertainty. The expression "whoever has been his best friend" is too indefinite for any one to determine who was intended as the object of the testatrix's bounty. The law requires the beneficiary of a testator to be pointed out with certainty. *Roy* v. *Rowzie*, 25 Gratt. (66 Va.) 599. It would be difficult for any one living to say who his best friend was, and it is certain that no court can declare who was the best friend of a dead man. William S. Kinnaman himself encountered the difficulty we have pointed out; when undertaking in his will to name his best friend he says, "My uncle and my aunt have been my best friends." He does not say which is to answer the description of "his best friend," nor can this court say which of the two is to answer that description.

When William S. Kinnaman died leaving a will disposing of the estate left him by his mother, he was over eighteen years of age, but not twenty-one. His will

was, therefore, void and of no effect as to the real estate mentioned therein, but valid so far as it disposed of his personal property. From this conclusion it follows that his real estate passed to his next of kin under the statute of descents and distributions, and that his personal property passed, under his will, to his personal representative, who after paying debts, if any, and costs of administration, should pay the balance of such personal estate over to the beneficiaries named in William S. Kinnaman's will.

It appearing that the personal property left by William S. Kinnaman is in the possession of the defendant, S. Guy Arnold, the circuit court will enter a decree requiring him to surrender the same to the personal representative of William S. Kinnaman, or to pay over to such personal representative its equivalent in money.

The decrees complained of must be reversed and set aside and this cause remanded for further proceedings not in conflict with the views expressed in this opinion.

*Reversed.*