In the Matter of the Estate of LUCINA M. WILSON, Deceased.

Surrogate's Court, Franklin County, April 22, 1932.

*Leslie M. Saunders*, executor and attorney in person.

*Andrew B. Cooney*, for heirs at law.

*George J. Moore*, for residuary legatee.

LAWRENCE, S. The will of the above-named person was probated on February 15, 1932, in this court without objection, except that a statement was made by the attorney for the heirs at law that paragraph 12 was not sufficiently definite to enable the court to identify the beneficiary, and that, therefore, as to the property mentioned in said paragraph, the above-named person died intestate.

The executor in this proceeding seeks construction of the 12th paragraph of the will which reads as follows:

" *Twelfth.* I give and devise to the person or persons who furnished me good care and nursing and are kind to me during my last illness my residence and village premises on Main Street at St. Regis Falls

aforesaid with power to my said executor and trustee hereinafter named to make proper conveyance thereof to such person or persons upon my decease."

He also asks for guidance in the discharge of his duties.

Pursuant to a petition asking for construction, the residuary legatee and the heirs at law were brought into court.

The attorneys seem to agree that paragraph 12, above referred to, is void upon the authority of *Harrington* v. *Abberton* (115 App. Div. 177).

The question arises whether the property mentioned in said paragraph goes to the heirs at law or the residuary legatee. No evidence is presented to the court. By other paragraphs of the will the heirs at law and the residuary legatee are given specific legacies. The heirs at law are each given the sum of $2. The residuary legatee, by specific legacy, is given the sum of $500 and a certain ornament.

The residuary clause is in the following language:

"*Fifteenth.* All the rest, residue and remainder of my estate, real, personal and mixed, wheresoever situate, of which I die seized or possessed or to which I may be entitled at the time of my decease, I give, devise and bequeath to the said Raphel Tripeny Junior, to have and to hold the same to him absolutely and forever."

The language of the residuary clause does not seem to be restricted. Unless it is narrowed the presumption would be that it included void and lapsed legacies.

It is, therefore, held that the provision of paragraph 12 is illegal and that the property therein mentioned belongs to the residuary legatee.