WILLIE COX, RESPONDENT, v. INEZ HEREFORD BROWN, GEORGE A. RADFORD, ALBERT M. KELLER, THE MERCANTILE TRUST COMPANY, A CORPORATION, EXECUTORS; THE MERCANTILE TRUST COMPANY, A CORPORATION, TRUSTEE, BELLEFONTAINE CEMETERY ASSOCIATION OF ST. LOUIS, JULIA RADFORD, GEORGIA PAULINE BLOSSER, NELLIE PERKINS KELLER, PAULINE W. CALDWELL, RESPONDENTS.—50 S. W. (2d) 763.

St. Louis Court of Appeals. Opinion filed June 7, 1932.

*S. E. Garner* and *S. R. Redmond* for plaintiff, appellant.

*Forest P. Tralles* and *Watts & Gentry* for defendants, appellants.

SUTTON, C.—This is an action to recover a legacy under the will of Paul Brown, deceased.

The cause was tried on an agreed statement of facts, as follows:

"Paul Brown of the City of St. Louis, State of Missouri, died on November 18, 1927, and thereafter his last will and testament was duly probated in the Probate Court of the City of St. Louis, letters testamentary issued and administration is still open, no final settlement having been made. Defendants constitute all the executors, personal representatives and residuary beneficiaries under the will of said Paul Brown.

"By his last will and testament said Paul Brown provided, so far as relevant to this cause, as follows:

" 'I give and bequeath unto my faithful servant Mary McNanamon, and unto any other of my servants who have been in my employ for a period of ten years, the sum of five thousand dollars ($5,000) each; and unto any other servant of mine having been in my employ for the major portion of a period of ten years, I give and bequeath such proportionate part of the sum of five thousand dollars ($5,000) as the duration of said servant's employment may bear to the period of ten years. The provision herein made is upon the condition that such servants are in my employ at the time of my death.'

"Plaintiff Willie Cox is now and has been for a great many years a laundress. Beginning some time in the month of March, 1912, she commenced doing washing and ironing for Paul Brown and his family, and continued as sole laundress up to some time in the month of April, 1920. From said last mentioned date to some time in March, 1922, plaintiff performed no work of any sort for Paul Brown or his family, and from some time in the month of March, 1922, until the time of Paul Brown's death in November, 1927, plaintiff again performed the washing and ironing for Paul Brown and his family. During all of said time plaintiff worked by the day, part of the time receiving one dollar and sixty cents ($1.60) and car fare per day, and latterly received three dollars ($3) and car fare per day, and two meals. Plaintiff usually started on Monday morning, reporting each week without special instructions, and worked sometimes two days, sometimes three days and sometimes a greater number of days each

week, and was usually paid in cash each week for the number of days she had worked, although occasionally when she would finish and the money was not there she would receive it the following week. During the calendar week before the death of Paul Brown, which was the week commencing Sunday, November 6th, and ending Saturday, November 12, 1927, plaintiff worked as laundress at the residence of Paul Brown, Monday, November 7th, and Tuesday, November 8th, an employment of two days during said week. During the next week, which was the week of Paul Brown's death, plaintiff came to work on Monday morning, November 13th, and does not remember the number of days she worked that week. After Paul Brown's death, plaintiff did laundry work for his widow, Mrs. Inez Hereford Brown, until some time in April, 1928. During the last three or four years of Paul Brown's life, in addition to the laundry work performed for Paul Brown, plaintiff also worked elsewhere by the day occasionally, and did laundry work for others and was paid for such work by the people who so employed her. Among the other people who so employed her were Mrs. Keller, daughter of Paul Brown, and Mrs. Caldwell, his granddaughter, both of whom maintained separate homes."

The trial, before the court, without a jury, resulted in a judgment for plaintiff for $2,500, with interest. Both plaintiff and defendants appeal.

Defendants contend that plaintiff is not entitled to recover any amount, because she was not in the continuous employ of the testator for ten years, or the major portion of ten years, but only occasionally rendered services for him, or rendered services for him on certain days, and worked for other employers on other days.

Plaintiff contends that she was in the employ of the testator for ten years or more, and is, therefore, entitled to recover $5,000, with interest.

It can hardly be doubted that plaintiff was the servant of the testator, as that term is ordinarily understood and accepted. We think, too, that she was continuously in his employ for the major portion of ten years next before his death, though not continuously in his service. Continuously in his employ does not mean continuously in his service. To be employed in anything, means not only the act of doing it, but also to be engaged to do it, or to be under contract or orders to do it. [Hovey v. Grier, 324 Mo. 634, 23 S. W. (2d) 1058, l. c. 1065.]

Plaintiff, however, was not in the continuous employ of the testator for ten years. From April, 1920, to March, 1922, a period of nearly two years, she performed no work of any sort for the testator or his family. She was not only not in his service, but was not in his employ, during that period. Plaintiff says that to interpret the will as requiring ten years' continuous employment to entitle her to

the full legacy of $5,000, reads into the will the word "continuous," which the testator did not see fit to use. We are unable to accept this view. The language of the will, "in my employ for a period of ten years," imports continuity. It does not mean several separate periods aggregating ten years.

The agreed statement of facts shows that plaintiff was continuously in the employ of the testator for five years and eight months, but the judgment, being for only $2,500, does not reflect this showing. The judgment should be for the proportionate part of $5,000 as the duration of plaintiff's employment bears to the period of ten years.

The Commissioner recommends that the judgment of the circuit court be reversed, and the cause remanded, with directions to enter judgment in accordance with the views herein expressed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly reversed, and the cause remanded, with directions to enter judgment in accordance with the views expressed in the opinion. *Haid, P. J.,* and *Becker* and *Nipper, JJ.,* concur.