CAROLINE ANDERSON *vs.* ROBERT G. STONE, executor.

Norfolk. November 17, 1932. — January 5, 1933.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & LUMMUS, JJ.

*Devise and Legacy,* To servant. *Contract,* Of employment.

A provision of a will, giving a legacy in a certain sum to "each and every person in my employ at my residences in Brookline and Marion, Massachusetts, at the time of my decease . . . whose employment shall have continued for a period of at least three years immediately prior to my death," was applicable to a laundress who, during such period of three years, excepting about four months when she was ill, did not live at either of the testator's residences, but worked at his residence at Brookline from three to six days each week as her services were required by the testator's wife, and could not work anywhere else; who usually was paid, at a *per diem* rate for the days when she worked, at intervals of several weeks; and who also worked occasionally, when requested to do so, at the testator's residence in Marion.

The laundress in the circumstances above described was an employee rather than an independent contractor.

Employment at both residences of the testator was not required by the provision above described as one of the qualifications for receiving a legacy thereunder: it applied to persons employed at either residence or both.

PETITION, filed in the Probate Court for the county of Norfolk on January 26, 1932, described in the opinion.

The petition was heard by *Davis,* J., a stenographer having been appointed under statutory provisions. A decree was entered in favor of the petitioner. The respondent appealed. Material facts reported by the judge are stated in the opinion.

*D. P. Ranney,* for the respondent.

*M. Palais,* for the petitioner.

FIELD, J. This petition in equity was brought in the Probate Court under G. L. (Ter. Ed.) c. 197, § 19, to establish the petitioner's claim to a legacy of $1,000 under the third clause of the codicil of the will of Galen L. Stone, late of Brookline. This clause is as follows: "I hereby

make the following bequests to each and every person in my employ at my residences in Brookline and Marion, Massachusetts, at the time of my decease: — To all such whose employment shall have continued for a period of one years immediately prior to my death the sum of five hundred (500) dollars each: To all such whose employment shall have continued for a period of at least three years immediately prior to my death the sum of one thousand (1000) dollars each. I except, however, Arthur E. Griffin, now in my employ at Marion, Massachusetts, for whom I have already provided in my will." Certain of the respondent's requests for rulings were refused, a decree was entered ordering that the "legacy be established in sum of $1,177.78," being $1,000 with interest thereon, and the respondent appealed. The judge made a report of the material facts and the evidence is reported.

The material facts found by the judge include the following: "The petitioner is a laundress who was employed by Mrs. Carrie Stone, wife of said Galen L. Stone at his home in Brookline aforesaid beginning May 12, 1919. Some time during August, 1920, Mrs. Stone suggested to the petitioner that she live outside the house, because the cook objected to the number of servants staying in the house. . . . In accordance with the suggestion of Mrs. Stone, the petitioner lived outside the Stone home, but continued to do laundry work at the Stone residence. During 1920 the petitioner gave up her employment in the Stone family, returned in November, 1920, remained until April, 1921, when she left again. In 1922 she was married. Upon September 7, 1923, the petitioner went to work again in the Stone family, Mrs. Stone having sent for her. From this last named date (September 7, 1923), the petitioner worked as a laundress in the Stone family until the death of Mr. Stone, December 26, 1926, with the exception hereinafter noted. The petitioner was ill from June 5, 1925, to October 1, 1925, and unable to do any work during this period . . . . The rate of the petitioner's pay was $4 a day and she was generally paid during a period covering three, four or five weeks. The petitioner worked at the

Stone home (mostly in Brookline) during the three year period, going to the residence in the morning and returning in the afternoon. During the period between October 1 to July 1 in the years preceding Mr. Stone's death from September 7, 1923, the petitioner generally worked four, five or six days a week, as Mrs. Stone desired. The petitioner was during the period in question subject to call by Mrs. Stone and could not work anywhere else. During the summer months, that is from July 1 to September 1, in each year, the petitioner worked at the Stone residence in Brookline, Massachusetts, three and four days per week, and subject to being called as her services were required. Occasionally she went to Marion, Massachusetts, where Mr. Stone had a summer residence, at the request of Mrs. Stone, and worked at the house there." None of these findings is controverted by the respondent except the finding that during the period in question the petitioner, since she was subject to being called upon by Mrs. Stone for service, "could not work anywhere else." This finding is a proper inference from the testimony.

We think that on the facts found the petitioner is within the testator's description of "each and every person in my employ at my residences in Brookline and Marion, Massachusetts, at the time of my decease," "whose employment shall have continued for a period of at least three years immediately prior to my death," and is entitled to a legacy of $1,000.

The words quoted are comprehensive and must be construed liberally. *Frazer* v. *Weld,* 177 Mass. 513, 516. Nothing therein or in other provisions of the will or codicil, read in the light of the testator's circumstances when the instruments were executed, limits the description to persons having contracts of employment for fixed periods or to persons living at the residences of the testator. The conditions of the gifts are met by actual employment at the testator's residences, continued for the prescribed period, though the employment was on a *per diem* basis and the employee lived elsewhere.

There is no merit in the respondent's contention that the

petitioner was not in the testator's "employ" but rather was an independent contractor. Doubtless a laundress may be an independent contractor. But the nature of the petitioner's work as a specialized form of domestic service, Mrs. Stone's undoubted right of control and direction of the details of that work, and the facts that it was performed at the residence of the testator and that the petitioner's wages were reckoned by the day, rather than by the piece or job, characterize her position as that of an employee rather than of an independent contractor.

Nor is the petitioner, as the respondent contends, excluded from the benefits of the codicil because she was never regularly employed at the testator's residence in Marion. In fact she worked there occasionally. But, apart from this fact, according to the natural interpretation of the language in question, employment at both residences was not required. Persons employed at both or either residence are included. If support is required for this interpretation it is found in the care of the testator to exclude expressly from the benefits of the third clause of the codicil Arthur E. Griffin, who is described by the testator as "now in my employ at Marion" — an exclusion which would have been unnecessary if the testator had not thought that the previous description of persons employed at his residences in Brookline and Marion would include persons employed at only one of those residences.

The petitioner's employment had "continued for a period of at least three years immediately prior" to the testator's death. It did not fail to have so continued because she did not work every day, or every working day, of every week during the period and was paid only for the days she worked. Except for the time of her illness she worked from three to six days of every week. Such employment cannot fairly be described as merely casual or intermittent. Though the petitioner was not entitled as matter of law to employment for any fixed period she had, in common speech, a steady job for the testator, though not a full time job. And, according to evidence which the judge believed, the employment was in effect exclusive of other

employment since practically, though not as a matter of legal obligation, she could not work elsewhere because at all times she was subject to being called upon by Mrs. Stone for service. The regularity of the employment is further indicated by the fact that the petitioner "was generally paid during a period covering three, four or five weeks." Apart from the time of her illness the practice of employing her for several days each week, varying from three to six days as her service was desired or required, was regularly followed for a period of more than three years immediately prior to the testator's death. Such a continuity of employment, at least if, as here, exclusive of other employment, rather than consecutive days of service, is the continuity required by the codicil. See *Industrial Trust Co.* v. *Alves*, 46 R. I. 16, 20–21. Nor was the continuity of employment broken by the petitioner's illness for approximately four months in 1925. There was no severance of relations between the petitioner and the testator, nothing analogous to the discharge of an employee under a contract for a fixed period. The petitioner's service was temporarily interrupted by circumstances beyond her control and resumed upon the former terms as soon as she was able to work. Though she received no wages while she was ill she did not lose her position as laundress because of her illness. See *Abbott* v. *Lewis*, 77 N. H. 94, 98; *In re Lawson*, [1914] 1 Ch. 682.

There was no error in the refusal of the judge to rule as requested or in the entry of the decree.

*Decree affirmed.*