HATTIE ISABEL ALLAN *vs.* GEORGE BROWN, *et al.*

JUNE 11, 1938.

PRESENT: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

FLYNN, C. J.   This is a bill in equity brought for the con-struction of the will of Fannie S. Pierce, late of the town of East Providence, deceased. It was heard in the superior court on bill, answers and evidence. At the conclusion thereof, being ready for hearing for final decree, the cause was certi-fied for determination by this court under general laws 1923, 339, sec. 35.

The complainant claims the title to certain real estate by virtue of the terms of the second paragraph of the second codicil to the will of Fannie S. Pierce. The respondents, George Brown, Emily Burgess and Asher Brown are the remaining residuary devisees under the second codicil. The other residuary devisees, named in this codicil, have predeceased the testatrix and, by the express terms of the codicil, have no interest under this residuary clause. The other respondent, Matthew W. Goring, Esq., was duly appointed by the superior court, after publication of notice to all possible interested parties, as guardian *ad litem* to represent possible interested persons unknown to the complainant and having, or claiming, an interest in the codicil and property devised thereunder. All of the known and named respondents filed answers but none of them, excepting the guardian *ad litem*, filed a brief in this court.

The complainant seeks a construction of the will, particularly of the second paragraph of the second codicil, which reads as follows: "I give, devise and bequeath unto the person who shall be living with me as my companion at the time of my death, the premises on which I now live, known as number 151 Taunton Avenue in the said Town of East Providence, consisting of lot number 183 on plat number 2 in the office of the Assessor of Taxes of said Town of East Providence, including the contents of the dwelling house, excepting money and securities; and also the westerly thirty-seven (37) feet by the entire width of lot number 87 on said Assessor's plat number 2, which premises adjoin the rear of said lot number 183; together with the buildings and improvements thereon, but subject to a right of way over the same for both pedestrians and vehicles in favor of the owner or owners from time to time of the premises devised in clause 'Third' of my said will dated January 4, 1927; to have and to hold the same unto her, my said companion, her heirs and assigns, forever."

Under this paragraph, the complainant raises for our determination two questions: first, whether the above-quoted language of the second and last codicil to the will is sufficient in law to vest title to the property described in that person who shall be living with the testatrix as her companion at the time of the testatrix's death; and second, whether the complainant, Hattie Isabel Allan, is sufficiently identified by the evidence as the person who was living with the testatrix as her companion at the time of the testatrix's death.

It appears in evidence that Fannie S. Pierce, the testatrix, died at East Providence on November 20, 1936, leaving a will and two codicils thereto. The complainant was not living with the testatrix as her companion on January 4, 1927, when the testatrix executed the original will, nor on February 16, 1929 when she executed the second and last codicil. However, the complainant went to live with the testatrix as her companion on December 15, 1930. She succeeded another woman who had previously lived with the testatrix in that capacity. This previous companion to the testatrix later died in 1932.

At the time of the death of the testatrix, the only person living with her as her companion was the complainant; and she had been so living with the testatrix at 151 Taunton avenue, the location of the property devised, continuously from December 15, 1930. This testimony was given not only by the complainant, but was also corroborated by a disinterested witness, who had been living from March 1, 1931, in a tenement of the same property, and who knew and testified that the complainant was the only person living with the testatrix as her companion from March 1, 1931 to and including the date of the death of the testatrix.

We are of the opinion that the first question is answerable from the language of the codicil itself. The intent of the testatrix is plain and is expressed in unambiguous language. That intent was to devise the property to a person who is particularly and definitely described, so as to be easily dis-

.tinguishable from all other persons, even if she is not mentioned by name. This is not unnatural, unreasonable or uncommon. Wills frequently are drawn in similar terms, largely of necessity, since a testatrix may not know at the time of executing the instrument the exact name of the person who will be her companion at the date of her death; but who does know and intend that there shall be some such person whom she intends to remember by a bequest or devise.

The validity of such a clause in wills seems to be well recognized. It was not disputed or even raised in *Industrial Trust Co.* v. *Alves,* 46 R. I. 16, which involved the construction of a clause in the will of Samuel Pomeroy Colt by which bequests were given "to each servant in my employ at the time of my decease . . .." Apparently, the description of "a servant" in that case, which is similar to the description of "a companion" in the instant case, was recognized by the court as proper and sufficiently definite for a valid bequest. The question there concerned merely what classes of employees were to be included within the meaning of the word "servant" as used by the testator.

The respondents have presented no authority or reasoning which would lead us to conclude that the devise in question here is invalid for indefiniteness or for any other reason; and the guardian *ad litem,* representing persons unknown who might have or claim an interest in the property under this will and codicil, has stated in his brief and argument before us that he has diligently searched for but has failed to discover anything in law which would warrant the assertion that the clause or devise in question was invalid. The guardian *ad litem* goes further and asserts that his research has discovered no evidence or matters which would indicate that the complainant was not sufficiently identified as the only person living with the testatrix as her companion at the time of her death and who completely and exclusively satisfied that particular description in the second codicil.

Under the circumstances, and in view of the undisputed evidence, which leads to only one conclusion, we are of the opinion that the second paragraph of the second and last codicil of the will of Fannie S. Pierce is good in law and vests title to the property therein described in the person who was living with the testatrix as her companion at the time of the death of the testatrix; and that the complainant, Hattie Isabel Allan, is shown by the evidence to be the only person who was living with the testatrix as her companion at the time of the death of the testatrix.

The parties may appear before us on June 15, 1938, and present for our approval a decree in accordance with this opinion.

*Russell P. Jones, Tillinghast, Collins & Tanner,* for complainant.

*Matthew W. Goring,* Guardian *Ad Litem.*