## In the Matter of the Estate of Rose K. Utter, Deceased.

Surrogate's Court, Ulster County, February 29, 1940.

*Fenton, Fenton & Snyder*, for the proponent.

Flemming, S. The petition for probate seeks a construction of the residuary clause of decedent's will. The clause reads as follows:

"*Fifth.* I give, devise and bequeath to the one who makes a home for me and cares for me in my last days is to have the residue of my property."

Decedent was a widow past eighty years of age. She had lived the greater part of her life in Sidney Center, N. Y. In February, 1938, decedent lived at the home of William H. Benedict and assisted in the household duties. On the 18th day of February, 1938, she made her will, which was prepared by William H. Benedict, and he was one of the witnesses to the will. Mr. Benedict is not a lawyer.

Decedent had a stroke in the month of April, 1938, and a second one at a later date which affected her physical powers. Her mentality appeared unimpaired. She required assistance and care. At her request a letter was written to Cecil Graham, the executor named in the will, who resided some six or seven miles distant, to come and take her to his home. Graham had worked for testatrix and her husband for some period of time. They and Graham's wife were friends of some years standing. Testatrix was taken to the Graham home in October, 1938, and remained there until

December, 1939, when she died. She received daily care and attendance from Anita Graham, wife of Cecil Graham, in caring for her person, preparing food and assisting her in other ways. During part of the time her meals were served in her room. She was well cared for and expressed herself as pleased with her home and surroundings. The Grahams received no compensation for the services thus rendered.

Mrs. Graham makes claim to the residuary estate under the paragraph of decedent's will here under construction. Testatrix had no near relatives. The husband, Cecil Graham, makes no claim.

Wigram's Extrinsic Evidence ([5th ed.] p. 14) sets forth seven propositions applicable to the exposition of wills. The sixth and seventh in substance provide that where the words of a will aided by evidence of the material facts of the case are insufficient to determine the testator's meaning, no evidence will be admissible to prove what the testator intended and the will (except in certain special cases) will be void for uncertainty.

Extrinsic evidence of intention, to make certain the person or things intended where the description in the will is insufficient for that purpose, such as when the object of the testator's bounty or the subject of disposition (that is the person or thing intended) is described in terms which are applicable indifferently to more than one person or thing, evidence is admissible to prove which of the persons or things so described was intended by the testator. (Jessup-Redfield, Surrogates' Courts, § 491, p. 955.)

Anita Graham having made a home and cared for the testatrix in her last days, the clause under consideration is construed so as to name Anita Graham as the residuary legatee.

An order may be entered in conformity herewith.