Henry L. Yung, Appellant, v. Pierre J. Peloquin, Individually and as Executor of Estate of Cora M. Drapier (Alias DuPier and Dupiere), Pearl Golab, and Unknown Heirs of Cora M. Drapier (Alias DuPier and Dupiere), Deceased, Appellees.

Gen. No. 46,474.

First District, Second Division.

May 17, 1955.

Rehearing denied June 28, 1955.

Released for publication June 30, 1955.

Askow & Stevens, of Chicago, for appellant; Irwin J. Askow, and Richard James Stevens, both of Chicago, of counsel.

Floyd E. Thompson, and Prentice H. Marshall, both of Chicago, for appellee; Johnston, Thompson, Raymond & Mayer, of Chicago, of counsel.

MR. JUSTICE ROBSON delivered the opinion of the court.

Plaintiff, Henry L. Yung, filed a complaint contesting a portion of the last will and testament of Cora M. Drapier, deceased, and asking for a construction of her will that would designate him the sole devisee under the residuary clause of the will. Pierre J. Peloquin, executor under the will, and the sole residuary devisee under the will as finally probated, filed a written motion to dismiss the complaint. The court sustained his motion and dismissed the complaint for want of equity. Plaintiff appealed.

The principal issue raised on the appeal is whether plaintiff was an "interested person" within the meaning of Section 90 of the Probate Act, Ill. Rev. Stat. 1953, ch. 3, par. 242 [Jones Ill. Stats. Ann. 110.339], and therefore entitled to contest the validity of the will, in whole or in part.

The facts as alleged in plaintiff's complaint, briefly summarized, in substance are that Cora M. Drapier (alias DuPier and Dupiere), a widow, died on December 9, 1951, at Englewood Hospital, Chicago, Illinois. She died testate and without known heirs, if any. Her will was executed four days before her death, on December 5. A copy of the will is attached to and made a part of the complaint. The will provides for payment by the executor of expenses. It gives and bequeaths $1,000 "to Pearl Golab, who has been a real and sincere friend in time of need." Pierre J. Peloquin was the testatrix's attorney and he personally pre-

pared the will. It is charged that fraudulently, against the instructions of the testatrix and in breach of his fiduciary duty to her and his fiduciary duty as executor, defendant omitted the name of Henry L. Yung from the third or residuary clause of the will, and fraudulently included the word "fifteen" therein and after execution inserted the name "Pierre J. Peloquin" therein. Plaintiff further alleges that he is the only person who fits the description of the devisee in the residuary clause of the will as originally executed and without the word "fifteen" therein. He then prays that the court strike from the clause of the will the words "Pierre J. Peloquin" and "fifteen," construe the residuary clause then remaining as designating plaintiff the residuary devisee and declare and order distribution of the residue of testatrix's estate accordingly.

The residuary clause of the typewritten will as finally admitted for probate reads as follows:

"I give, devise and bequeath all the rest of my estate, whether real, personal or mixed, and wheresoever situated to my most sincere friend, Pierre J. Peloquin [this name is written in ink and appears above a caret following the comma as an interlineation] forever. This is done in appreciation of and gratitude to him, who has cared for me and my personal well being for the last fifteen years of my life, especially in my last sicknesses, and who has always refused any compensation."

Opposite the interlineation, in the left-hand margin and written in ink appears the annotation "O. K." Neither of these writings, obviously, is testatrix's, when compared with her signature on the instrument.

Defendant contends that the "interest" required under Section 90 of the Probate Act is jurisdictional and must be established before the court may consider the allegations challenging the will; that the court cannot reform the will to produce a description,

which will fit the plaintiff; that without the name "Pierre J. Peloquin" and without the word "fifteen," the residuary clause of the will would be void for indefiniteness, and that since plaintiff is not an heir of the testatrix, he further lacks the necessary interest to contest the validity of the will, in whole or in part. This, in substance, is the defendant's theory.

 The requirements of the Probate Act dealing with will-contest proceedings are jurisdictional; therefore, the requirement that the contestant be an interested person within the meaning of Section 90 is jurisdictional. McQueen v. Connor, 385 Ill. 455; Selden v. Illinois Trust & Savings Bank, 239 Ill. 67; Storrs v. St. Luke's Hospital, 180 Ill. 368; Jele v. Lemberger, 163 Ill. 338; Hunt v. Morris, 266 Ill. App. 18. The right to contest a will is not a vested one. Independently of the statute no such right has ever been recognized by the courts of this State. The right, therefore, can be exercised only in the manner and within the limitations prescribed by the statute. McQueen v. Connor, supra; Kessler v. Martinson, 339 Ill. App. 207.

Plaintiff contends that he has established his interest sufficiently to meet the requirements of the statute. He cites and relies upon the case of Wolf v. Bollinger, 62 Ill. 368. In that case, the question before the court, upon the merits, was which one of the two parties was the devisee under the will. In the Wolf case, the contestant's name, Catharine Bollinger, appeared in the will as the original devisee. Pen lines had been drawn through the name, leaving legible, however, the name of Catharine Bollinger, and written above it appeared the name of Christina Wolf. The will, in its altered form, was admitted to probate. The contestant argued that the alteration had occurred after execution of the will and without the required statutory reattestation. The simple proposition sustained in the case is that, if the insertion of the name

261

of the substituted devisee is invalid, the testamentary disposition will stand as originally executed with the name of the original devisee.

The defendant objects to the applicability of the Wolf case to the facts in the case at bar because, unlike the Wolf case, the residuary clause of the will in the instant case, without the defendant's name, is merely descriptive. It is apparent that the applicability of the principle as enunciated and applied in the Wolf case cannot be denied merely because the plaintiff here must prove his identity or interest under the descriptive indicia by resorting to extrinsic evidence. If plaintiff has made a case in his complaint challenging the validity of the name "Pierre J. Peloquin" and the word "fifteen," and asserting his claim as the intended devisee under the will as originally executed, he has met the demands of the statute as interpreted by the Supreme Court in the Wolf case.

Defendant cites Selden v. Illinois Trust & Savings Bank, 239 Ill. 67, in support of his proposition that, as the court said in the Selden case (at p. 80), "special circumstances . . . existed in Wolf v. Bollinger," and had the name of Bollinger been obliterated in the Wolf case, the court would in that case have dismissed the bill for want of interest in the contestant. (Cf. however, Cantway v. Cantway, 315 Ill. 244.) First, the Selden case decided a quite different question. It decided that a legatee may not contest the same will and her interest therein given when she would have been without such interest or any interest in the absence of the will; that such a beneficiary is not an "interested person" within the meaning of the Probate Act. Plaintiff in the instant case, on the other hand, seeks not to defeat the will which allegedly gives him his interest, and in the absence of which he would be without any interest, but he seeks to defeat a purported will engrafted upon the face of the alleged original will. He is, therefore, a person who shows a

262

direct and existing pecuniary interest in the testatrix's estate which has been detrimentally affected by probate of the challenged will, that is, the allegedly invalid portion of the will. Saunders v. Saunders, 310 Ill. 371; Jele v. Lemberger, supra; Selden v. Illinois Trust & Savings Bank, supra.

Second, the identity of the plaintiff is not obliterated from the face of the will in the instant case, and the residuary clause of the will without the name "Pierre J. Peloquin" is not, as defendant contends, void for indefiniteness. The devisee here is described as (1) a male person (2) who has cared for testatrix's person and well-being; (3) for the last fifteen years of her life; (4) especially in her last sicknesses; and (5) who has always refused any compensation. The cases cited by the defendant in support of his contention are inapplicable. In some of the cases the beneficiary is described simply as "my most sincere friend" or "my best friend," without other indicia. Or, again, selection of the putative and unascertained beneficiary is given to the executor to be exercised "as he shall think best." See Early v. Arnold, 119 Va. 500, 89 S. E. 900; Clark v. Campbell, 82 N. H. 281, 133 Atl. 166; Murdock v. Bridges, 91 Me. 124, 39 Atl. 475. Defendant cites but one very early case, Harrington v. Abberton, 115 App. Div. 177, 100 N. Y. Supp. 681, holding void for uncertainty a gift to some person who in the future shall care for the testator during his last illness. Even granting the validity of the ruling of this case, the difference in the number and character of indicia between this case and the case at bar is apparent. Again, this case has not since been followed. See, e. g., In re Utter's Will, 20 N.Y.S.2d 457; and cf. In re DeForest's Estate, 15 N.Y.S.2d 466. Cases in jurisdictions plainly in the majority have been liberal and have upheld the certainty and validity of such and similar bequests. See, e. g., In re Glasgow's Estate, 243 Pa. 613, 90 Atl. 332; In re Reinheimer's Estate, 265 Pa.

263

185, 108 Atl. 412; Allan v. Brown, 61 R. I. 56, 199 Atl. 753; Anderson v. Stone, 281 Mass. 458, 183 N. E. 841; Cox v. Brown, 227 Mo. App. 157, 50 S.W.2d 763; Cansler v. Unknown Heirs of Chairs, 35 Tenn. App. 631, 250 S.W.2d 579; Ray v. Nethery (Mo.), 255 S.W.2d 817; cf. also Baltz v. Muskopf, 34 Ill. App. 625. And see, generally, 38 A. L. R. 775 et seq. In the case at bar the devise is made to a specific person who has already gratified the wishes of the testatrix and who, further, is described by numerous indicia.

▮ Moreover, under the circumstances before us, where acts of fraud and undue influence are charged, a court should not adopt a view so narrow that it would preclude a party claiming injury after a reasonable showing, from establishing his claim by competent evidence at a hearing on the merits. If plaintiff's charge of undue influence and fraud be taken as true, the court would be warranted in disregarding the word "fifteen" in the will. A sufficient number of indicia remain to ascertain the intended devisee under the residuary clause. This would be the case if the word "fifteen" were a misnomer or misdescription, and therefore false. See, e. g., Norton v. Jordan, 360 Ill. 419, and cases cited at 429 and 430; Cahill v. Michael, 381 Ill. 395, 400. If false because included fraudulently and by the exercise of undue influence leaving unaffected the remaining language of the will, this conclusion possesses even greater merit.

In the instant case it is clear from the facts alleged in the complaint that a fiduciary relation existed between the testatrix and the defendant. Defendant has received a substantial benefit under her will as probated. He personally prepared the will. It is apparent that defendant knew the testatrix some fifteen years. During the course of some, if not all, of those years the close fiduciary relation of attorney and client existed. Testatrix died four days after she executed the will. She was apparently gravely ill when she

264

signed it. Her signature is scrawled and not readily identifiable. It is not unreasonable to infer that she was well along in years at the time. This last is stated in plaintiff's brief and is not denied by the defendant in his brief. These facts and not unreasonable inferences were sufficient to show that testatrix reposed trust and confidence in the defendant and that he was the dominant and she the dependent party. The plaintiff's complaint alleges sufficient facts which if proven would establish a prima facie case that the will was the product of undue influence. Weston v. Teufel, 213 Ill. 291; Tidholm v. Tidholm, 391 Ill. 19.

We conclude that the averments in plaintiff's complaint show that he has an interest in what is charged to be the real will and he should be allowed a hearing on the merits. The decree of the trial court sustaining defendant's motion to dismiss the complaint is reversed and the cause remanded with directions that defendant be ordered to answer the complaint and for such further proceedings as are not inconsistent with our opinion.

Decree reversed and cause remanded with directions.

McCORMICK, P. J. and SCHWARTZ, J., concur.