

# THE ATTORNEY GENERAL
# OF TEXAS

October 8, 1986

JIM MATTOX
ATTORNEY GENERAL

Honorable Lloyd Criss
Chairman
Labor and Employment Relations
    Committee
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No.  JM-556

Re:   Whether a state employee
may be denied a merit increase
because of absence for a work-
related injury

Dear Representative Criss:

You inquire about the denial of a merit pay increase to an employee of the Texas Department of Corrections.  The employee was hired in September, 1983 and, during the year that followed, was absent on an approved worker's compensation claim for about two and one half months.  In September 1984, she received a one-year service pin and began receiving hazardous duty pay, but was denied a merit pay increase because of her absence on the worker's compensation claim. You ask whether the department may refuse to consider an employee for a merit pay raise solely because the employee was absent for recuperation from a work-related injury for which the employee's worker's compensation claim was approved.

Article 6813b, V.T.C.S., provides, in part, that

> [a]ll salaries of all State officers and State
> employees,   including   the   salaries   paid   any
> individual out of the General Revenue Fund, shall
> be in such sums or amounts as may be provided for
> by the Legislature in the biennial Appropriations
> Act.

V.T.C.S. art. 6813b, §1.  The Position Classification Act of 1961, article 6252-11, V.T.C.S., provides that the salaries of full-time employees, with certain exceptions, "shall also conform with the Position Classification Plan hereinafter described and with the salary rates and provisions of the applicable Appropriations Act. . . ." V.T.C.S. art. 6252-11, §2; see Attorney General Opinion H-105 (1973).

Since the employee in question was hired in September, 1983, the General Appropriations Act for the 1983-85 biennium governs her compensation.  Provisions relating to the Position Classification Plan are set out in section 1 of article V of the 1983 General Appropriations Act.  Acts 1983, 63th Leg., ch. 1095, art. V, §1, at 6171. Article V, section 1 states in part:

a.  SALARY RATES FOR CLASSIFIED POSITIONS.  For each fiscal year beginning September 1, 1983, within the limitation of funds available for salaries of classified positions, annual salary rates for classified positions shall be in accordance with the above Classification Salary Schedules.

. . . .

d.  MERIT SALARY INCREASES.  It is expressly provided that agency administrators may grant merit salary increases to classified employees whose job performance and productivity is consistently above that normally expected or required.  Such merit increases shall be subject to the following restrictions.  (Emphasis added).

The restrictions enumerated under section 1d. pertain to the source of funds, the maximum monthly expenditure rate for merit salary increases, merit increases for line item positions, accounting and reporting, and the application of merit increases throughout the agency's classified salary grouping.  Finally, the following provision states conditions for eligibility for merit increases:

(7)  For an employee to be eligible for a merit salary increase, the following additional criteria must be met:  (a) the employee must have been employed by the agency for at least six months. (b) at least 6 months must have elapsed since the employee's last promotion or merit increase, and (c) agency criteria for granting merit salary increases must include specific criteria and documentation to substantiate the granting of more than a one step merit increases.  (Emphasis added).

Acts 1983, 68th Leg., ch. 1095, art. V, §1d.(7), at 6196.

The employee in question had been employed by the Department of Corrections for a calendar year before she was considered for a merit pay increase.  Thus, even if her two and one half months of absence on an approved compensation claim were not counted, she still had been "employed by the agency for at least six months."  Nevertheless, you express general concern about whether time spent off work for a worker's compensation claim must be considered in determining eligibility for consideration for a merit pay raise.

We do not believe that the quoted provision requires the employee's presence each working day for six months.  Attorney General Opinion H-105 (1973) addressed an appropriations act provision which awarded pay increases to state employees with five or more years

"total continuous service' as of a particular date. See Acts 1973, 63rd Leg., ch. 659, art. 7, §1a.(1), at 2191. Some state employees, although hired more than five years previously, had experienced interruptions in their five years' service by prolonged illness. The opinion pointed out the distinction between "service" and "employment":

> Those who remained in its [the state's] employ but, for instance, were on vacation (certainly not 'serving') would interrupt their service and would not 'continuously serve' the State. (Emphasis added).

Thus, the phrase "employed by the state" means that the employment relationship exists, and not that the employee serves the state each working day, without authorized absences. If the employee remains on the payroll, or if the employment relationship is otherwise demonstrated, he is still employed while absent on leave. Attorney General Opinion H-105 further decided, based on legislative intent, that the appropriations act provision required

> five years of service unbroken by any unauthorized or unreasonable absences. Holidays, days on sick leave, week-ends, emergency leaves and other approved leaves, with or without pay, do not break the continuity of service.

Two opinions of this office construing the nepotism statute, article 5996a, V.T.C.S., also support our interpretation of the merit pay provision. In Letter Advisory No. 151 (1978) this office construed the exception in article 5996a, V.T.C.S., for persons who had "been continuously employed" by a governmental body for two years before the election or appointment of an officer or board member related to them within a prohibited degree. The Letter Advisory quoted from Cox v. Brown, 50 S.W.2d 763, (Mo. App. 1932), in which the Missouri Court of Appeals stated that

> [t]o be employed in anything means not only the act of doing it, but also to be engaged to do it, or to be under contract or orders to do it.

Cox v. Brown, 50 S.W.2d at 764. Accord, Rousseau v. Teledyne Movible Offshore, Inc., 619 F. Supp. 1513, 1517 (W. D. La. 1985); Bigger v. Unemployment Compensation Commission, 46 A.2d 137 (Del. Super. Ct. 1946), aff'd. 53 A.2d 761 (Del. 1947); In re Cormicks Estate, 160 N.W. 989 (Neb. 1916). See Rose v. Clutter, 271 S.W. 890, 891 (Tex. Comm'n App. 1925, judgmt. adopted) ("employed" has the same meaning as "hired"). The Letter Advisory concluded that

> a school district employee who is between terms but has had his contract renewed for the

succeeding school year is employed within the meaning of the nepotism statute.

In Attorney General Opinion JM-45 (1983) we dealt with the Nepotism Act proviso for persons "continuously employed" prior to the time their relatives became officers of the governmental body. We reaffirmed the conclusion of Letter Advisory No. 151 that an individual may be continuously in the employ of the school district even though not rendering services at all times throughout the year.

We conclude that the employee would have been "employed by the agency for at least six months" under the merit pay provision of the 1983 General Appropriations Act if she had been hired six months prior to the time of merit pay consideration and had remained on the payroll or otherwise continued to occupy the status of an employee during that time. The two and one half months' absence to recuperate from a compensable work-related injury should not be subtracted from the six months' employment, and she should not be refused consideration for merit pay because of that absence.

The 1983 General Appropriations Act provides that merit salary increases may be awarded to "classified employees whose job performance and productivity is consistently above that normally expected or required." A merit pay increase is thus awarded on the basis of performance. See Attorney General Opinion H-106 (1973). It may be the case that an employee has not actually worked for a sufficient length of time to determine whether the employee's performance exceeds expectations. All conditions for the award of merit pay must be met in order for an employee to receive it.

S U M M A R Y

Under the merit pay provision of the 1983 General Appropriations Act, an employee has been "employed by the agency for at least six months" if he was hired at least six months previously and has remained on the payroll or otherwise continued to occupy the status of an employee. If the individual is absent on an approved worker's compensation claim for a portion of the six months' employment, he has not for that reason failed to have been employed by the agency for six months.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

p. 2476

MARY KELLER
Executive Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Susan L. Garrison
Assistant Attorney General