

# The Attorney General of Texas

July 25, 1983

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

) Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Bob Bush
Chairman
Committee on Judiciary
Texas House of Representatives
P. O. Box 2910
Austin, Texas    78769

Opinion No. JM-45

Re:  Whether an outside auditor
who contracts to perform for a
school district is subject to
article 5996a, V.T.C.S., the
nepotism statute

Dear Representative Bush:

You have requested a construction of article 5996a, V.T.C.S., which deals with "nepotism." The facts are as follows: in April, 1982, an individual was elected as a trustee of an independent school district. This trustee is a first cousin of a certified public accountant (CPA) who serves as the school district's auditor. According to a letter from the superintendent of this school district, this CPA "was first awarded a contract to perform the School District's annual audit in 1972 and he has served continuously in this capacity for the past eleven (11) years." This letter also states that the trustee has no financial interest in the audit firm in which the CPA is employed.

Article 5996a provides in part:

> No officer. . . any. . . school district. . . shall appoint, or vote for, or confirm the appointment to any office, position, clerkship, employment or duty, of any person related within the second degree by affinity or within the third degree by consanguinity to the person so appointing or so voting, or to any other member of any such board. . . of which such person so appointing or voting may be a member, when the salary, fees, or compensation of such appointee is to be paid for, directly or indirectly, out of or from public funds or fees of office of any kind or character whatsoever; provided, that nothing herein contained. . . shall prevent the appointment, voting for, or confirmation of any person who shall have been continuously employed in any such office, position, clerkship,

> employment or duty for a period of two (2) years prior to the election or appointment of the officer or member appointing, voting for, or confirming the appointment, or to the election or appointment of the officer or member related to such employee in the prohibited degree. (Emphasis added).

You have asked whether, in the situation outlined above, any violation of article 5996a has occurred. We assume that the CPA in question is currently serving as the school district's auditor.

In the aforementioned letter, the superintendent indicated that one of his concerns is whether, under article 5996a, it makes any difference that the CPA is an "independent contractor" rather than an "employee" of the school district. We think not. In our opinion, the legislature, in enacting this statute, chose the extremely comprehensive words "office, position, clerkship, employment or duty" in an effort to cover every conceivable situation in which a governmental body might hire someone to perform some service for it. It sought, in other words, to make it clear that nepotism questions should not turn on technical distinctions between "employee" and "independent contractor"; instead, the relevant question should be whether the governmental body employed the individual in question to perform some service for it. Thus, even assuming _arguendo_ that this CPA is an independent contractor, this employment situation is covered by article 5996a, because the CPA (1) is related to a school trustee within the prohibited degree; (2) was hired, _i.e._, "appointed" by a school board containing this trustee to perform a service for the school district; and (3) occupies a "position" or "employment" or is performing a "duty" for the district within the meaning of this statute.

Because this employment relationship is governed by article 5996a, the CPA may, while his relative is serving on the school board, continue to be hired by that school board to perform as the school district's auditor _only_ if the two-years' continuous employment proviso in article 5996a is applicable. He may be reemployed, in other words, only if he was "continuously employed" by the school district for two years prior to the date on which his first cousin officially became a school trustee. _See_ Attorney General Opinion M-857 (1971).

In his letter, the superintendent advises that the CPA conducts the annual audit for the school district. We have been unable to locate a prior opinion dealing with a situation quite like this one, in which the question is whether the "continuous employment" proviso can apply where an individual is hired to perform a service during one portion of each year rather than throughout the entire year. We

conclude, however, that the proviso applies in this instance if, during the two years immediately preceding the qualification of the CPA's first cousin as a trustee, the CPA was continuously in the employ of the school district as its auditor, regardless of whether he was actually rendering auditing services for the district.

Webster's New International Dictionary, 2nd Edition, defines "continuous" as "without break, cessation, or interruption; without intervening space or time." In Attorney General Letter Advisory No. 151 (1978), which concluded that the express refusal by a school district to rehire a teacher's aide before her current term of employment ended constituted a break in her employment for purposes of the two-year proviso, this office quoted the following statement from Cox v. Brown, 50 S.W.2d 763, 764 (Mo. App. 1932):

> Continuously in. . . employ does not mean continuously in. . . service. To be employed in anything means not only the act of doing it, but also to be engaged to do it, or to be under contract or orders to do it.

These authorities establish that an individual who performs services on a seasonal or periodic basis may be protected by the two-years' continuous service proviso. For the proviso to apply, however, the individual must have been "employed" by, i.e., "engaged" by or operating under a contract with, the governmental entity that hired him for the entire two years immediately preceding the election or appointment of his relative (within the prohibited degree) to the governing board of that entity.

If, during the entire 730 days immediately preceding the qualification of his first cousin as trustee, this CPA was continuously under contract with the school district to perform auditing services for it, we believe that no violation of article 5996a occurred when the school board thereafter continued to reemploy him as its auditor. The fact that the auditor was hired to perform a periodic service does not mean that he cannot be deemed to have been "continuously employed" by the school district as its auditor for that two-year period. Of course, the question of whether the CPA was employed by the school district for the required two year period is a fact question which cannot be resolved in the opinion process.

## S U M M A R Y

No violation of article 5996a, V.T.C.S., occurred where a CPA who had served as the school district's auditor since 1972 was reemployed in that capacity after his first cousin was elected to the school board, if the CPA was "continuously

employed" by the school district as its auditor for two consecutive years prior to the election of his cousin as trustee.

Very truly yours,

JIM MATTOX
Attorney General of Texas

TOM GREEN
First Assistant Attorney General

DAVID R. RICHARDS
Executive Assistant Attorney General

Prepared by Jon Bible
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Rick Gilpin, Acting Chairman
Jon Bible
David Brooks
Colin Carl
Jim Moellinger
Nancy Sutton
Bruce Youngblood